Loflin v. Loflin

DREMA DIANA HOWARD LOFLIN v. RICKY WALTER LOFLIN

No. 7419DC1005

(Filed 5 March 1975)

**Divorce and Alimony § 18— alimony pendente lite — dependent spouse — methods of proof**

The trial court erred in denying plaintiff alimony and counsel fees *pendente lite* based on a finding that plaintiff failed to show that she is substantially dependent on defendant for maintenance and support since the court ignored the alternative method given to plaintiff to prove that she is a dependent spouse by showing that she is substantially in need of maintenance and support from defendant. G.S. 50-16.1(3).

APPEAL by plaintiff from *Hammond, Judge.* Judgment entered 26 July 1974 in District Court, RANDOLPH County. Heard in the Court of Appeals 13 February 1975.

This is an action for alimony without divorce and for counsel fees. The matter was heard upon plaintiff's application for alimony and counsel fees *pendente lite.* Plaintiff requested that her verified complaint be considered as an affidavit. She testified personally and placed in evidence a record of defendant's earnings in 1973 and 1974. Defendant offered no evidence. The trial judge denied plaintiff's application for alimony *pendente lite.*

*Ottway Burton, for the plaintiff.*

*Bell, Ogburn & Redding, by Deane F. Bell, for the defendant.*

BROCK, Chief Judge.

In order for a spouse to be entitled to alimony, alimony *pendente lite,* or counsel fees, that spouse must be a dependent spouse. *Little v. Little,* 18 N.C. App. 311, 196 S.E. 2d 562 (1973). The burden of proving dependency is upon the spouse asserting the claim for alimony or alimony *pendente lite.* Under G.S. 50-16.1(3) the dependency of the spouse asserting the claim may be established by proof that such spouse is either (a) actually substantially dependent upon the other spouse for his or her maintenance and support, or (b) substantially in need of maintenance and support from the other spouse.

The trial judge found that "there was no evidence introduced that plaintiff was substantially dependent upon the defendant for her maintenance and support." If this finding may be interpreted as a finding that plaintiff is not substantially dependent upon defendant for her maintenance and support, it nevertheless ignores the alternative given to plaintiff to prove that she is substantially in need of maintenance and support from the defendant. Proof of either would qualify her as a dependent spouse.

We express no opinion upon the evidence presented. We merely hold that the findings by the trial judge do not resolve the issue of whether plaintiff is a dependent spouse within the alternative definitions provided by G.S. 50-16.1(3).

The order appealed from must be vacated and the cause remanded to the District Court for a new hearing upon plaintiff's application for alimony *pendente lite* and counsel fees.

Vacated and remanded.

Judges HEDRICK and CLARK concur.