ONSLOW COUNTY, APPELLEE-PLAINTIFF v. GENE MOORE, APPELLANT-DEFENDANT

KIMBERLY McKILLOP, APPELLANT-PLAINTIFF v. ONSLOW COUNTY, APPELLEE-DEFENDANT

PATRICIA TREANTS, APPELLANT-PLAINTIFF, v. ONSLOW COUNTY, APPELLEE-DEFENDANT

No. COA97-32
No. COA97-33
No. COA97-35

(Filed 21 October 1997)

**Appeal and Error § 372 (NCI4th)— settled record—time for serving—extension of time by trial court—ineffective— appeal dismissed**

Appeals were dismissed where appellant filed notices of appeal and served proposed records on appeal on 3 July 1996; the County filed its notice of appeal on 30 July 1996; giving the parties the benefit of the doubt, appellants' records should have been settled by the end of September and the County's by mid-November; each appeal contains an order from a trial judge granting appellants' motions to extend time; and the settled records on appeal were served on the County on 7 January 1997. All motions made to extend time other than for service of the proposed record on appeal and to produce the transcript must be made to the court to which appeal has been taken. The appeals are dismissed here because the trial court's purported extension of time to file the records on appeal was ineffective and the records were not filed within the times mandated by the Rules of Appellate Procedure. N.C.R. App. P. 11(c); N.C.R. App. P. 27(c)(1).

Appeal by defendant in No. 95 CvS 2836 from order entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. Appeal by plaintiff and defendant in No. 94 CvS 1980 from judgment entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. Appeal by plaintiff and defendant in No. 94 CvS 1981

from judgment entered 3 July 1996 by Judge W. Allen Cobb, Jr., in Onslow County Superior Court. Heard in the Court of Appeals 16 September 1997.

*Jeffrey S. Miller for appellants Moore, McKillop and Treants.*

*Shipman & Associates, L.L.P., by Gary K. Shipman, Carl W. Thurman, III, and C. Wes Hodges, II, for appellee Onslow County.*

SMITH, Judge.

Appellants Gene Moore, Kimberly McKillop, and Patricia Treants (collectively "appellants") each own businesses alleged to be in violation of an ordinance of appellee Onslow County ("the County") entitled "Ordinance to Regulate Adult Businesses and Sexually Oriented Businesses in Onslow County, NC." ("the ordinance"). In No. 95 CvS 2836, the County filed an action against Moore seeking injunctive relief ordering him to comply with the ordinance. Moore appeals an order finding him in contempt of a preliminary injunction entered 26 March 1996. McKillop and Treants filed separate actions against the County seeking a declaration that the ordinance was invalid and unconstitutional. McKillop and Treants appeal judgments dismissing their claims with prejudice and permanently enjoining them from violating the ordinance. The County also appeals from the portion of the judgments declaring the ordinance partially preempted by N.C. Gen. Stat. § 14-202.11 (1993). This Court, upon its own initiative, has consolidated the appeals in these cases due to the common questions presented.

We take this opportunity to remind our colleagues in the bar and on the bench that our Rules of Appellate Procedure are mandatory and violations thereof subject an appeal to dismissal. *Adams v. Kelly Springfield Tire Co.*, 123 N.C. App. 681, 682, 474 S.E.2d 793, 794 (1996). Each appellant in the instant cases, including the County, has failed to comply with the Rules of Appellate Procedure and their appeals are dismissed.

N.C.R. App. P. 11(c) states that

[w]ithin 21 days . . . after service upon him of appellant's proposed record on appeal, an appellee may serve upon all other parties specific amendments or objections to the proposed record on appeal, or a proposed alternative record on appeal. . . .

ONSLOW COUNTY v. MOORE

[127 N.C. App. 546 (1997)]

If any appellee timely files amendments, objections, or a proposed alternative record on appeal, the appellant or any other appellee, within 10 days after expiration of the time within which the appellee last served might have filed, may in writing request the judge from whose judgment, order, or other determination appeal was taken to settle the record on appeal.

N.C.R. App. P. 11(c) further states that a hearing shall be held to settle the record on appeal no later than 15 days after service of the request for hearing upon the trial court, and the trial court shall settle the record on appeal by order entered not more than 20 days after service of the request for hearing.

Here, appellants filed notices of appeal and served proposed records on appeal in their respective actions on 3 July 1996. The County filed its notice of appeal on 30 July 1996. Giving the parties the benefit of every doubt, appellants records on appeal should have been settled, judicially or otherwise, by the end of September 1996. The County's record on appeal should have been settled judicially or otherwise by mid-November 1996. While the records are devoid of any documentation showing judicial settlement of the records on appeal, each appeal contains an order entered by Judge James R. Strickland on 6 January 1997 granting appellants' motions to extend the time to file the settled records on appeal until 16 January 1997. No other extension of time appears in the records on appeal. The records also show that the settled records on appeal were served on the County on 7 January 1997.

According to N.C.R. App. P. 27(c)(1), for good cause shown by an appellant, the trial court may extend once for no more than 30 days the time permitted by N.C.R. App. P. 11 or Rule 18 for service of the proposed record on appeal. N.C.R. App. P. 27(c)(2) states "[a]ll motions for extensions of time other than those specifically enumerated in rule 27(c)(1) may only be made to the appellate court to which appeal has been taken." Thus, all motions made to extend time, except for motions to extend the time for service of the proposed record on appeal under N.C.R. App. P. 27(c)(1), and motions to extend the time to produce the transcript under N.C.R. App. P. 7(b)(1), must be made to the court to which appeal has been taken. For this reason, appellants should have directed their motions to extend the time to file the settled records on appeal to this Court. Because the trial court's purported extension of time to file the records on appeal was ineffective, and because the records on appeal

were not filed within the times mandated by the Rules of Appellate Procedure, each parties' appeals are dismissed.

In No. 95 CvS 2836, defendant Gene Moore's appeal is dismissed. In No. 94 CvS 1980, plaintiff McKillop's appeal and the County's appeal is dismissed. In No. 94 CvS 1981, plaintiff Treants' appeal and the County's appeal is dismissed. In No. 95 CvS 2836, the costs of the appeal are taxed to defendant. In Nos. 94 CvS 1980 and 94 CvS 1981, each party is taxed one-half the costs of the appeal.

Appeals dismissed.

Judges WYNN and WALKER concur.