DEBORAH KAY SOWERS v. CHARLES LEE TOLIVER

No. COA01-273

(Filed 7 May 2002)

**1. Child Support, Custody, and Visitation— support—visitation rights separate from financial support**

The trial court abused its discretion by terminating defendant father's obligation to pay child support even though plaintiff mother went against the trial court's order and allowed the minor child to determine when she wanted to see defendant, because: (1) the duty to provide financial support is independent of visita-

**SOWERS v. TOLIVER**

[150 N.C. App. 114 (2002)]

tion rights and one may not be made contingent upon the other; and (2) establishment of child support is guided by concern for the best interests of the child and not by a desire to punish a disobedient parent.

**2. Contempt— civil—willfulness**

The trial court erred by holding plaintiff mother in civil contempt of court based on an alleged willful interference with or refusal to allow defendant father visitation with the parties' minor child because although it appears the evidence supports the findings of fact made by the trial court, there is no finding as to whether plaintiff's behavior was willful.

**3. Trials— judge's expression of opinion—trial without jury**

Although plaintiff contends the trial court erred by entering the child support order in its entirety when the trial judge's comments at the beginning and end of the evidence allegedly demonstrated bias and prejudice against plaintiff and resulted in an unfair hearing, there was no jury present to be influenced and the judge merely reacted to the evidence, and the proscription against the expression of opinion by the trial judge does not attach in a trial without a jury.

Judge GREENE concurs.

Appeal by plaintiff from judgment entered 8 August 2000 by Judge Jack E. Klass in Davidson County District Court. Heard in the Court of Appeals 19 February 2002.

*Jon W. Myers for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

THOMAS, Judge.

Plaintiff, Deborah Kay Sowers, appeals from an order holding her in contempt of court, terminating the child support obligation of defendant, Charles Lee Toliver, and requiring payments by her of medical expenses and attorney fees. Although plaintiff did not adhere to the North Carolina Rules of Appellate Procedure, we vacate the trial court's order in part and reverse and remand in part.

The procedural history of this case is as follows: On 15 July 1998, plaintiff filed a motion in the cause to modify an earlier custody order. She asked the trial court to change her child's visitation with

SOWERS v. TOLIVER

[150 N.C. App. 114 (2002)]

defendant so that it would occur only at the child's discretion. The child was eleven years old at the time. To assist in making a determination, the trial court ordered two psychological evaluations of the child, to be equally paid by the parties. Defendant then filed a motion for custody.

The trial court denied plaintiff's motion for modification of visitation as well as defendant's motion for custody. The trial court further ordered the child and the parents into counseling, with the child's counseling to be without either plaintiff or defendant present. Visitation was ordered to resume as previously scheduled.

Visitation, however, did not resume. Despite the trial court's order, plaintiff allowed the child to determine when she wanted to see defendant. Defendant then filed a motion to modify the judgment pursuant to Rule 60(b), claiming plaintiff was frustrating the trial court's orders. In the motion, defendant asked the trial court: (1) to grant defendant immediate visitation every other weekend as well as the missed holiday and summer visitations; (2) to require plaintiff on the visitation weekends to provide transportation for the child; and (3) to enforce its orders by holding plaintiff in contempt.

In its 8 August 2000 order, the trial court, finding there was no evidence that defendant was abusive, held plaintiff in contempt for allowing the child "at an early age" to determine whether she would see her father. The trial court then terminated defendant's child support payments and ordered plaintiff to pay all medical bills for the child's psychological evaluations as well as attorney fees for defendant.

Plaintiff filed notice of appeal on 6 September 2000. On 26 April 2001, plaintiff filed a motion for an extension of time to file her brief, stating that her attorney had a full trial court schedule and that opposing counsel had given his consent. The motion was allowed on 26 April 2001, ordering that plaintiff's brief must be filed on or before 30 May 2001. In bold lettering, this Court stated that "**No further extensions of time to file plaintiff-appellant's brief shall be allowed in the absence of a showing of extraordinary cause.**" Plaintiff's brief was not filed on or before 30 May 2001.

On 1 June 2001, defendant filed a motion to dismiss plaintiff's appeal. On 5 June 2001, plaintiff filed a motion to accept her brief. Both motions were referred to this panel. Then, on 21 June 2001, defendant filed a motion for an extension of time to file his brief. It

was denied on 26 June 2001. There is no defendant-appellee brief filed in this case.

Plaintiff moved for this Court to consider her brief as timely filed. She alleges the due date was missed because her attorney was informed that a capital murder case, in which he was lead counsel, was being moved from October 2001 to 2 July 2001. Plaintiff's attorney, Jon W. Myers (Myers), spent the remainder of May 2001 primarily preparing for the murder trial instead of the instant case. Myers stated that "throughout this process [he] continued to work on the written brief in this matter but despite his best efforts, completed the brief one (1) day after the required filing date." However, the brief was not filed until six days after the due date.

The North Carolina Rules of Appellate Procedure state that:

Except as herein provided, courts for good cause shown may upon motion extend any of the times prescribed by these rules or by order of court for doing any act required or allowed under these rules; or may permit an act to be done after the expiration of such time.

N.C.R. App. P. 27(c). The Rules of Appellate Procedure are mandatory and violations subject an appeal to dismissal. *Onslow County v. Moore*, 127 N.C. App. 546, 491 S.E.2d 670 (1997), *rev'd on other grounds*, 347 N.C. 672, 500 S.E.2d 88 (1998). This Court previously noted that no other extensions would be granted in the absence of extraordinary circumstances. We hold that a schedule change is not extraordinary when plaintiff's attorney received word of the change more than one month before the brief was due.

Nonetheless, we consider plaintiff's arguments because the egregiousness of the child support payments being terminated fundamentally affects the best interests of the child who is without fault. *See* N.C.R. App. P. 2.

[1] By plaintiff's first argument, she contends that the trial court erred by terminating defendant's obligation to pay child support because defendant is the natural father and has the legal duty to support the child. We agree.

Both parents carry legal responsibility for the financial support of their minor child. "In the absence of pleading and proof that the circumstances otherwise warrant, the father and mother shall be primarily liable for the support of a minor child." N.C. Gen. Stat.

§ 50-13.4(b) (1999). *See also Nisbet v. Nisbet*, 102 N.C. App. 232, 402 S.E.2d 151, *cert. denied*, 329 N.C. 499, 407 S.E.2d 538 (1991); *Plott v. Plott*, 313 N.C. 63, 326 S.E.2d 863 (1985). The duty to provide financial support is independent of visitation rights and one may not be made contingent upon the other. *Appert v. Appert*, 80 N.C. App. 27, 341 S.E.2d 342 (1986). The amount of child support allowed by the trial judge will only be disturbed upon a showing of abuse of discretion. *Dixon v. Dixon*, 67 N.C. App. 73, 312 S.E.2d 669 (1984).

Establishment of child support is guided by concern for the best interests of the child and not by a desire to punish a disobedient parent. The termination of child support in the instant case clearly was beyond the framework of that precept and constituted an abuse of discretion. The order was contrary to both the statutory and common law of North Carolina in that there was no finding to support it beyond the punishment of plaintiff. We therefore vacate the trial court's order as to the termination of defendant's duty to pay child support.

[2] By plaintiff's second, third, and fourth arguments, she contends the trial court erred by holding her in contempt of court when: (a) there was insufficient evidence that she willfully interfered with or refused to allow defendant visitation with the child; and (b) the trial court failed to make proper findings and conclusions. We agree that the findings were insufficient.

In contempt proceedings, the trial court's findings of facts are conclusive on appeal when supported by competent evidence. *Clark v. Clark*, 294 N.C. 554, 243 S.E.2d 129 (1978). The element of willfulness is required for a finding of civil contempt here. *See Jones v. Jones*, 52 N.C. App. 104, 278 S.E.2d 260 (1981). Willfulness constitutes: (1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so. *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E.2d 554 (1974).

Although it appears the evidence supports the findings of fact made by the trial court, there is no finding as to whether plaintiff's behavior was willful. The only findings of fact related to fault are as follows:

4.

The Court for days has listened to the testimony of the Plaintiff and the Defendant and their witnesses. The child was evaluated by Dr. Phillip Batten who contends that the minor child

and the father need more counseling to determine whether the minor child will see the father again. The Court further finds as a fact that the minor child resides with her mother and in close proximity of the grandmother as well as the other relatives who are involved in the minor child's life. From the testimony and the times this matter has been in Court, the Court finds as a fact that the minor child has been taught not to associate with her father or any of her half-sisters or other kin on the father's side.

5.

The minor child has been given freedom to decide what she wants to do and when she wants to do it. The minor child has been given this freedom at an early age by being in the household with the Plaintiff and her kin. The minor child will not have anything to do with her father. The Court sees no reason why the minor child and the father should continue for the years to come to go to counseling, but to determine if and when the minor child will ever decide to visit with the father.

As this Court has held in *Cox v. Cox*, 10 N.C. App. 476, 179 S.E.2d 194 (1971), the trial court must make findings as to the ability of the plaintiff to comply with the court order during the period when in default. The trial court failed to make such findings and we therefore remand the issue of contempt to the trial court for specific findings.

[3] By plaintiff's fifth argument, she contends the trial court erred by entering the order in its entirety when the trial judge's comments at the beginning and end of the evidence demonstrated bias and prejudice against her and resulted in an unfair hearing. We disagree.

This hearing was before a judge only. Therefore, nothing else appearing, plaintiff's objections to the comments appear groundless. There was no jury present to be influenced and the judge merely reacted to the evidence. *See Smithwick v. Frame*, 62 N.C. App. 387, 395, 303 S.E.2d 217, 222-23 (1983). "The proscription against the expression of opinion by the trial judge does not attach in a trial without a jury." *Id.* (citing *Everette v. D.O. Briggs Lumber Co.*, 250 N.C. 688, 110 S.E.2d 288 (1959)). Plaintiff's argument is rejected.

Accordingly, we vacate the trial court's order in part and reverse and remand in part. The trial court may, but is not required to, take additional evidence in determining the issue of willfulness.

VACATED IN PART, REVERSED AND REMANDED IN PART.

Judge McGEE concurs.

Judge GREENE concurs in a separate opinion.

GREENE, Judge, concurring.

I fully concur with the majority but write separately to further discuss a party's right to an unbiased and unprejudiced trial judge.

Every party is entitled to an unbiased and unprejudiced trial judge. *See* N.C. Const. art. I, § 18 (guaranteeing that "justice shall be administered without favor"). Disqualification based on a trial judge's bias or prejudice, however, may only result if it stems from an extra-judicial source. *See* Code of Judicial Conduct, Cannon 3C(1). Bias or prejudice developed by a trial judge acting in his official judicial capacity in regard to the case at issue does not support disqualification. *See In re Evans*, 411 A.2d 984, 995 (D.C. 1980) (to support disqualification, the bias or prejudice must derive from an extrajudicial source and result in an opinion on the merits based on something besides what the judge learned during the trial). In some instances, such bias or prejudice may require a new trial, but only if it influenced a jury. *See Smithwick v. Frame*, 62 N.C. App. 387, 395, 303 S.E.2d 217, 222 (1983) ("[t]he proscription against the expression of opinion by the trial judge does not attach in a trial without a jury"). Accordingly, in a non-jury case where the trial judge develops a bias or prejudice toward one party and where there is no evidence this bias or prejudice arose from any source outside the evidence and arguments presented in the case, the judgment entered by the trial court will be affirmed if it is otherwise properly entered.

In this case, the record reveals that any bias or prejudice the trial judge may have displayed arose as he reacted to the evidence presented and the events occurring during the course of the trial. Thus, there was no basis to disqualify the trial judge from deciding the case, and because there was no jury impaneled, there also exists no basis for ordering a new trial.