DONALD LEE WILLIAMSON, Plaintiff v. MELANIE FOSTER WILLIAMSON, Defendant

No. COA10-1217

(Filed 6 December 2011)

**1. Divorce—alimony—calculation of regular income—tax refunds and bonuses not included**

The trial court erred in an alimony case by its finding of fact number 28 because the trial court erroneously included defendant wife's 2009 tax refund in the calculation of her regular income. Tax refunds and bonuses are not to be included in the calculation of regular income.

**2. Divorce—alimony—expected decrease in income—consideration of present income**

The trial court did not err in an alimony case by failing to consider defendant wife's expected decrease in pay when calculating her income. The trial court must consider defendant's present income and not future changes.

**3. Divorce—alimony—reliance on findings of fact in equitable distribution order—burden of proving income**

The trial court did not abuse its discretion in an alimony case by its findings of fact concerning plaintiff husband's income. The trial court had the authority to rely on the findings of fact from the equitable distribution order. Further, plaintiff did not have the burden of presenting evidence of his income since the burden of proving dependency was upon the spouse asserting the claim for alimony.

**4. Evidence—password protected emails—right to privacy—failure to show prejudicial error**

The trial court did not err in an alimony case by excluding certain email communications. The admission would have violated plaintiff's right to privacy since defendant wrongfully obtained the email from a password protected email account. Further, defendant failed to show prejudicial error resulted from the exclusion of the emails.

**5. Evidence—prior crimes or bad acts—illicit sexual behavior—credibility**

The trial court did not err in an alimony case by failing to find and conclude that plaintiff engaged in illicit sexual behavior where defendant testified that plaintiff admitted to an affair. The Court of Appeals refused to reweigh the evidence when the trial court was in the best position to weigh the evidence and determine the credibility of witnesses.

**6. Attorney Fees—alimony—failure to tender evidence supporting claim**

The trial court did not err in an alimony case by dismissing defendant's claim for attorney fees. Defendant did not tender any attorney fees affidavit nor any evidence to support her claim that she was entitled to an award of attorney fees.

Appeal by Defendant from order entered 20 May 2010 by Judge J. Gary Dellinger in Catawba County District Court. Heard in the Court of Appeals 9 March 2011.

*Crowe & Davis, P.A., by H. Kent Crowe, for Plaintiff-Appellant.*

*LeCroy and Willcox, PLLC, by M. Alan LeCroy, for Defendant-Appellee.*

BEASLEY, Judge.

Defendant appeals the trial court's alimony order entered 20 May 2010, awarding Defendant alimony and dismissing her counterclaim for attorney's fees.

Plaintiff and Defendant were married on 22 February 1975 and separated on 26 July 2007. On 1 November 2007, Plaintiff filed a complaint requesting, *inter alia*, equitable distribution. On 25 January 2008, Defendant filed an answer and a counterclaim that included a cause

of action for permanent alimony. After the 22 February 2010 alimony hearing, the trial court entered its order on 20 May 2010. The trial court ordered Plaintiff to pay alimony and dismissed Defendant's claims for attorney's fees. Defendant filed notice of appeal on 15 June 2010.

Defendant asserts (1) the trial court's findings of fact concerning the income and expenses of the parties were not supported by competent evidence; (2) the trial court improperly excluded evidence; (3) the trial court failed to find that Plaintiff engaged in illicit sexual behavior; and (4) the trial court improperly dismissed Defendant's claim for attorney's fees. For the following reasons, we reverse in part and affirm in part.

"Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citation omitted). "When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Oakley v. Oakley*, 165 N.C. App. 859, 861, 599 S.E.2d 925, 927 (2004) (internal quotation marks and citation omitted).

**[1]** First, Defendant argues that the trial court's Finding of Fact 28 is not supported by competent evidence because the trial court erroneously included her 2009 tax refund in the calculation of her regular income. We agree.

Finding of Fact 28 states,

> [i]n the Defendant's affidavit she reported that she had gross income $342.82 per week, which amounts to $1,485.55 per month and that she receives $690.00 per month as child support, giving her total gross monthly income of $2,175.55. The Court has not deducted any withholdings from the Defendant's reported gross monthly income because the Defendant testified that she received a refund amounting to all of the taxes that had been withheld from her income during 2009.

Defendant argues that the inclusion of her tax refund was error based on our Court's decision in *Edwards v. Edwards*, 102 N.C. App. 706, 403 S.E.2d 530 (1991). Defendant contends that *Edwards* prohibits the trial court from including tax refunds in the calculation of a party's income where there is no evidence that such refunds are reg-

ular income. We agree. The trial court, in determining alimony, must assess the parties' present incomes, respectively. *Whedon v Whedon,* 58 N.C. App. 524, 527, 294 S.E.2d 29, 31 (1982). Tax refunds and bonuses are not to be included in the calculation of regular income. *Edwards,* 102 N.C. App. at 710. 403 S.E.2d at 532. Because the trial court improperly calculated Defendant's tax refund as a part of her regular income, we reverse and remand.

[2] Defendant also contends that the trial court erred by failing to consider her expected decrease in pay when calculating her income. Pursuant to N.C. Gen. Stat. § 50-16.2A(b) (2009), the trial court is required to consider Defendant's *"present* employment income." (emphasis added) Defendant cites no authority in support of her contention that the trial court was required to consider her future change in pay. As stated above, we hold that the trial court must properly consider Defendant's present income. Therefore, Defendant's argument is without merit.

[3] Next, Defendant challenges the trial court's findings of fact concerning Plaintiff's income. Defendant argues that the trial court abused its discretion by rejecting Defendant's evidence of income and relying on evidence presented at the previous equitable distribution hearing. We disagree.

In Finding of Fact 37, the court found that

[d]uring the alimony hearing, neither the Plaintiff nor the Defendant offered any evidence of the Defendant's earnings except for the Defendant's affidavit stating that on her knowledge, information and belief the Plaintiff earned $7,000 per month in gross income. This Court finds that the Plaintiff's testimony at previous hearings that he earned $1,250.00 per week gross to be more persuasive than the Defendant's affidavit filed on her information and belief without supporting evidence as to the basis of her knowledge, information and belief. The Plaintiff has a gross weekly salary of $1,250.00 and a gross monthly salary of $5,416.67. At a state income tax rate of 7% and a federal income tax rate of 28%, the Plaintiff's net earnings are $3,683.34.

The trial court may take "judicial notice of previous orders in the cause". *Devaney v. Miller,* 191 N.C. App. 208, 212, 662 S.E.2d 672, 675 (2008). (internal quotation marks and citations omitted). Moreover, "it is within the trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented dur-

ing the trial." *Phelps v. Phelps*, 337 N.C. 344, 357, 446 S.E.2d 17, 25 (1994). A careful review of the record shows that the trial court, in the previous equitable distribution order, found that Defendant's gross income was $1,250.00 per week. Here, the court had the authority to rely on the findings of fact from the equitable distribution order where it determined that Defendant's evidence presented during the alimony hearing was not credible. We reject Defendant's contention that Plaintiff had the burden of presenting evidence of his income because "[t]he burden of proving dependency is upon the spouse asserting the claim for alimony[.]" *Loflin v. Loflin*, 25 N.C. App. 103, 212 S.E.2d 403 (1975). Therefore, Defendant's argument is overruled.

**[4]** Defendant also asserts that the trial court erred by excluding e-mail communications. The trial court found that the admission of the e-mail violated Plaintiff's right to privacy because Defendant wrongfully obtained the e-mail from a password protected e-mail account. Even assuming the exclusion of the e-mail was error, "[t]he burden is on the appellant not only to show error but to show that if the error had not occurred there is a reasonable probability that the result of the trial would have been favorable to him." *Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E.2d 488, 492 (1967) (internal quotation marks and citations omitted). Defendant has failed to show prejudicial error; therefore, Defendant's argument is overruled.

**[5]** Defendant further argues that the trial court failed to find and conclude that Plaintiff engaged in illicit sexual behavior where Defendant testified that Plaintiff admitted to an affair. Because "[t]he trial court is in the best position to weigh the evidence, determine the credibility of witnesses and the weight to be given their testimony," we refuse to re-weigh the evidence on appeal. *Goodson v. Goodson*, 145 N.C. App. 356, 362, 551 S.E.2d 200, 205 (2001). Moreover, Defendant does not cite any authority for this argument. Accordingly, Defendant's argument is meritless.

**[6]** Finally, Defendant contends that the trial court committed error by dismissing Defendant's claim for attorney's fees. Defendant does not contest the trial court's finding that she "did not tender any attorney fees affidavit or any evidence to support her claim that she is entitled to an award of attorney fees [.]"

> While there is statutory authority providing for attorney fees in . . . alimony actions, this authority does not override a party's basic constitutional rights to notice and due process considerations. Defendant failed to file proper pleadings in the cause, therefore, the issue of attorney fees was not properly before the lower court.

*Spencer v. Spencer*, 133 N.C. App. 38, 44-45, 514 S.E.2d 283, 288 (1999) (internal quotation marks omitted). Accordingly, Defendant's final argument is meritless.

Affirmed in part; Reversed in part.

Judges MCGEE and HUNTER, JR.concur.