IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-398

Filed 5 November 2025

Northampton County, No. 19CVD000362-650

VIVIAN TAYLOR, Plaintiff,

v.

CURTIS TAYLOR, Defendant.

Appeal by defendant from judgment entered 8 April 2024 by Judge W. Turner Stephenson, III in Northampton County Superior Court. Heard in the Court of Appeals 15 October 2025.

*Pritchett & Burch, PLLC, by L. Clifton Smith, III, for the plaintiff-appellant.*

*No brief filed on behalf of the defendant-appellee.*

TYSON, Judge.

Vivian Taylor ("Plaintiff") appeals from the trial court's order denying her claim for alimony and motion for contempt. The trial court concluded Plaintiff was not a dependent spouse and further found Curtis Taylor ("Defendant") was not in willful contempt of court for violation of a prior support order. We conclude the trial court failed to make sufficient findings of fact to support its conclusions denying alimony and finding of no contempt and remand for further proceedings.

## I. Background

Plaintiff and Defendant were married on 13 February 1986 and separated on

13 April 2019. No children were born of the marriage. On 30 September 2020, the parties reached a memorandum of agreement in open court concerning post-separation support. A Consent Order on Post-Separation Support ("Post-Separation Support Order") was entered 2 November 2020 requiring Defendant to pay Plaintiff $1,500 per month. Although the complete terms of the agreement are missing in the record before us, subsequent motions by Defendant and orders of the trial court provide Defendant was required to pay $1,500.

The matter proceeded to equitable distribution. After a hearing, the court entered an Order on Equitable Distribution of Marital Property on 11 January 2023, distributing the parties' assets and debts. The parties owned a joint Merrill Lynch brokerage account containing approximately $100,000 in savings at the time of separation. By agreement, $20,000 from this account was allocated to cover Plaintiff's agreed-upon interim support needs of $1,500 per month and was credited to Defendant's Post-Separation Support Order obligations equaling approximately thirteen and one-third months of post-separation support payments. Another $20,000 was disbursed from the account and was used to purchase a Toyota automobile for Plaintiff. After these expenditures, approximately $60,000 remained in the joint Merrill Lynch account. The equitable distribution judgment awarded Plaintiff the remaining balance as part of her share of marital property.

Six months later on 20 June 2023, Plaintiff filed a Motion for Contempt against Defendant, alleging willful failure to comply with the court's Post-Separation Support

Order. Plaintiff also filed a separate motion for alimony. Defendant filed a *pro se* "Motion for Relief" on 17 February 2022. A hearing was held on 4 October 2023 regarding Plaintiff's alimony motion, Plaintiff's motion for contempt for Defendant's purported failure to make payments pursuant to the Post-Separation Support Order, and Defendant's motion for appropriate relief.

At the hearing, Plaintiff testified Defendant had failed to consistently pay the $1,500 per month for post-separation support, as required by the Post-Separation Support Order. Plaintiff further testified she took early retirement and began drawing Social Security benefits, from which she was receiving about $476 per month with no other current income. Plaintiff used portions of the distributed savings to pay bills and purchased a replacement vehicle for $22,000. At the time of the hearing, Plaintiff retained approximately $45,000 from the joint Merrill Lynch account distribution.

The court denied Plaintiff's request for alimony and found Defendant was not in willful contempt of court for violation of the Post-Separation Support Order. The record before us does not contain an order regarding Defendant's 17 February 2022 Motion for Relief. The trial court found and concluded: (1) Plaintiff is not a dependent spouse; and, (2) Defendant is not in willful contempt of court. Plaintiff filed timely Notice of Appeal.

## II. Jurisdiction

Jurisdiction lies in this court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

### III.    Issues

Plaintiff contends the trial court failed to make sufficient findings of fact: (1) to support its conclusion of law she was not a dependent spouse and the resulting denial of her claim for alimony; and, (2) to support its denial of contempt for failure to make payments pursuant to the Post-Separation Support Order.  Plaintiff argues the order should be vacated and the matter remanded for further hearing on the issues.

### IV.    Denial of Alimony

Plaintiff asserts the Post-Separation Support Order contains insufficient findings of fact to support its conclusion she was not a "dependent spouse" and the trial court erred in denying her claim for alimony under N.C. Gen. Stat. § 50-16.3A (2023).

### A. Standard of Review

The trial court's decision regarding an award of alimony is generally "left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Williamson v. Williamson*, 217 N.C. App. 388, 390, 719 S.E.2d 625, 626 (2011) (citation and quotation marks omitted).  A trial court abuses its discretion when its ruling is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

When the trial court sits without a jury, we review "whether there was

competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Williamson*, 217 N.C. App. at 390, 719 S.E.2d at 626 (citation and internal quotation marks omitted). The trial court's "conclusions of law are reviewable *de novo*." *Lee v. Lee*, 167 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004).

## B. Analysis

N.C. Gen. Stat. § 50-16.1A(2) (2023) defines a dependent spouse as "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.3A(a) (2023) further explains alimony "shall" be awarded "to the dependent spouse upon a finding [ ] one spouse is a dependent spouse, [ ] the other spouse is a supporting spouse, and [ ] an award of alimony is equitable after considering all relevant factors[.]" A list of relevant factors is contained in N.C. Gen. Stat. § 50-16.3A(b) (2023).

"A party is 'actually substantially dependent' upon her spouse if she is currently unable to meet her own maintenance and support[,]" and "[a] party 'substantially in need of maintenance and support' if she will be unable to meet her needs in the future, even if she is currently meeting those needs." *Carpenter v. Carpenter*, 245 N.C. App. 1, 4, 781 S.E.2d 828, 832 (2016) (quoting *Barrett v. Barrett*, 140 N.C. App. 369, 370-71, 536 S.E.2d 642, 644 (2000)). "If the trial court determines

[ ] a party's reasonable monthly expenses exceed her monthly income, and [ ] she has no other means with which to meet those expenses, it may properly conclude the party is dependent." *Id.* at 4, 781 S.E.2d at 833.

When determining dependency, the trial court examines "the parties' income and expenses in light of their accustomed standard of living." *Helms v. Helms*, 191 N.C. App. 19, 24, 661 S.E.2d 906, 910 (2008). "The trial court must at least make findings sufficiently specific to indicate [ ] the trial judge properly considered each of the factors . . . for a determination of an alimony award." *Rhew v. Rhew*, 138 N.C. App. 467, 470, 531 S.E.2d 471, 473 (2000) (citations and quotation marks omitted). Unless the trial court is ruling on a "motion for which the Rules of Civil Procedure do not require special findings of fact, the court shall make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor." N.C. Gen. Stat. § 50-16.3A(c) (2023).

If the trial court fails to make such findings, we must remand for entry of additional findings. *See Rhew*, 138 N.C. App. at 472, 531 S.E.2d at 475 (vacating and remanding "to the district court for a redetermination of defendant's dependency and entry of judgment containing findings of fact sufficiently specific to show that the court properly considered the statutory requirements").

Here, the order finding Plaintiff is not a dependent spouse and denying alimony contains no findings regarding Plaintiff's monthly income or expenses, her accustomed standard of living, or Defendant's ability to provide support, each of

which is a statutory consideration under NC. Gen. Stat. § 50-16.3A(b) (2023). Although the trial court incorporated prior orders by reference, the "general incorporation of all findings from other court documents is not sufficiently specific to demonstrate whether the trial judge properly considered the statutory factors . . . and these findings of fact cannot be considered in determining whether the court's findings of fact are adequate under N.C. Gen. Stat. § 50-16.3A." *Kabasan*, 257 N.C. App. at 467, 810 S.E.2d at 711 (citations, quotation marks, and alterations omitted). Properly admitted evidence and distributions could support the trial judge's ultimate conclusions. The trial court's order is vacated and remanded for entry of additional findings of fact sufficient to support its conclusion regarding an award or denial of alimony and "show [ ] the [trial] court properly considered the statutory requirements." *Rhew*, 138 N.C. App. at 472, 531 S.E.2d at 475.

## V.    Denial of Contempt

Plaintiff argues the trial court failed to make any findings of fact to support its conclusion Defendant is not in willful contempt of court for failure to make payments pursuant to the Post-Separation Support Order. Plaintiff contends the ruling should be reversed and remanded for further hearing on the issue.

## A. Standard of Review

"In contempt proceedings the judge's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." *Clark v. Clark*, 294 N.C.

554, 571, 243 S.E.2d 129, 139 (1978). "When the trial court fails to make sufficient findings of fact and conclusions of law in its contempt order, reversal is proper." *Thompson v. Thompson*, 223 N.C. App. 515, 518, 735 S.E.2d 214, 216 (2012).

## B. Analysis

"The purpose of civil contempt is not to punish but to coerce the defendant to comply with a court order." *Cox v. Cox*, 133 N.C. App. 221, 226, 515 S.E.2d 61, 65 (1999). To hold a defendant in civil contempt for failing to comply with a court order, the trial court must find the following:

> (1) The order remains in force;
> (2) The purpose of the order may still be served by compliance with the order;
> (2a) The non-compliance by the person to whom the order is directed is willful; and
> (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a)(1)-(3) (2023).

"Willfulness constitutes: (1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so." *Watson v. Watson*, 187 N.C. App. 55, 66, 652 S.E.2d 310, 318 (2007) (quoting *Sowers v. Toliver*, 150 N.C. App. 114, 118, 562 S.E.2d 593, 596 (2002)). "With respect to contempt, willfulness connotes knowledge of, and stubborn resistance to, a court order." *Blevins v. Welch*, 137 N.C. App. 98, 103, 527 S.E.2d 667, 671 (2000).

Because the purpose of civil contempt is not to punish, but to instead force

compliance, a "purging provision is essential to the order." *Bethea v. McDonald*, 70 N.C. App. 566, 570, 320 S.E.2d 690, 693 (1984). "A person imprisoned for civil contempt must be released when his civil contempt no longer continues. The order of the court holding a person in civil contempt must specify how the person may purge himself of the contempt." N.C. Gen. Stat. § 5A-22(a) (2023).

"It is well established [ ] the trial court cannot hold a defendant in contempt unless the court first has sufficient evidence to support a factual finding that the defendant had the ability to pay, in addition to all other required findings to support contempt." *Groseclose v. Groseclose*, 291 N.C. App. 409, 427-28, 896 S.E.2d 155, 168 (2023) (citation and quotation marks omitted). "In order to imprison a defendant found in civil contempt, the trial judge must find that the defendant has the present ability to comply or to take reasonable measures to enable him to comply with the order." *Hodges v. Hodges*, 64 N.C. App. 550, 553, 307 S.E.2d 575, 577 (1983).

Here, the trial court's order merely concludes: "Defendant is not in willful contempt of court." The order does not include findings of fact addressing whether the Post-Separation Support Order remained in effect, whether Defendant had complied with or had the present ability to comply with its terms, or whether his alleged nonpayment was willful. Without such findings, this Court is unable to determine whether the trial court's conclusion Defendant was not in contempt of the Post-Separation Support Order was the result of a reasoned decision. *See Bethea*, 70 N.C. App. at 570-71, 320 S.E.2d at 693; *Oakley v. Oakley*, 165 N.C. App. 859, 864, 599

S.E.2d 925, 929 (2004) ("As there was no determination in the trial court's findings of the defendant's present ability to comply with the terms of the order in question, we reverse and remand to the trial court for further findings of fact consistent with this opinion."). Sufficient evidence of payments and distributions were admitted to support the trial court's findings and conclusions. Upon remand, the trial court shall consider and apply N.C. Gen. Stat. § 5A-21 and make further findings of fact and conclusions consistent therewith. N.C. Gen. Stat. § 5A-21 (2023).

## VI.    Conclusion

The trial court's order lacks sufficient findings of fact to support its conclusions regarding alimony and contempt. We vacate and remand for entry of additional findings. It is within the trial court's discretion whether to hear additional evidence upon remand. *It is so ordered.*

VACATED AND REMANDED.

Judges ZACHARY and ARROWOOD concur.