IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-567

Filed 1 April 2026

Iredell County, No. 21CVD002358-480

YUET CHAN, Plaintiff,

v.

DANIEL SEVERN, Defendant.

Appeal by Defendant from order and judgment entered 2 October 2024 by Judge Thomas R. Young in Iredell County District Court. Heard in the Court of Appeals 25 February 2026.

> *Ralston Benton Byerley & Moore, PLLC, by Matthew L. Benton, for Defendant-Appellant.*
>
> *Pope McMillan, P.A., by Christian Kiechel and Clark D. Tew, for Plaintiff-Appellee.*

COLLINS, Judge.

Defendant Daniel Severn appeals from order and judgment addressing financial issues related to his divorce from Plaintiff Yuet Chan and awarding Plaintiff child support and alimony. Defendant argues that numerous findings of fact are not supported by the evidence, and that the child support and alimony awards are erroneous. We agree with Defendant's arguments for the most part and vacate and remand.

## I.    Background

The parties married in August 2017 and separated approximately four years later, in August 2021.  The parties share one child, born in May 2018.  The trial court entered a permanent custody order in April 2024, awarding the parties joint physical custody.

Plaintiff filed a complaint on 25 August 2021, seeking custody, child support, divorce from bed and board, and attorney's fees.  She filed an amended complaint to add claims for postseparation support, alimony, and equitable distribution. Defendant filed an answer and counterclaims, seeking custody, child support, and attorney's fees.  Both parties submitted affidavits of financial standing addressing income and expenses, including childcare expenses.  The parties were divorced on 14 August 2023.  A multi-day bench trial on equitable distribution, child support, postseparation support, and alimony was held on various days in May, June, and July 2024.

The trial court entered an order and judgment on 2 October 2024, resolving all pending claims and awarding Plaintiff child support and arrears in amounts consistent with the North Carolina Child Support Guidelines and alimony. Defendant appealed.

## II.    Discussion

Defendant challenges numerous findings of fact as unsupported by competent evidence and several conclusions of law and decretal paragraphs as erroneous regarding child support and alimony.

### A. Standard of Review

Generally, the trial court's decision regarding alimony and child support is "left to the sound discretion of the trial [court] and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Williamson v. Williamson*, 217 N.C. App. 388, 390 (2011) (quotation marks and citation omitted). A trial court abuses its discretion when it renders a decision that is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547 (1998) (citations omitted).

"When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Williamson*, 217 N.C. App. at 390 (quotation marks and citation omitted). A trial court's findings of fact are binding on appeal if supported by competent evidence, even where evidence conflicts. *Pulliam v. Smith*, 348 N.C. 616, 625 (1998). The trial court's conclusions of law are reviewed de novo. *Lee v. Lee*, 167 N.C. App. 250, 253 (2004).

## B. Child Support

### 1. *Plaintiff's Income – Finding of Fact 30*

Defendant first argues that Finding 30 addressing Plaintiff's income is not supported by competent evidence.

The trial court found Plaintiff's income as follows:

> 2021: $31793.00 year/ $2649.42 month (ILiM)
>
> 2022: $31793.00 year/ $2649.42 month (ILiM)
>
> 2023: $36473.00 year/ $3039.00 month (ILiM/Keer America)
>
> 2024: $26000 year/ $2167.00 month (Kaleidoscope Learning)

The trial court's finding regarding Plaintiff's 2021 income is not supported by competent evidence. Defendant introduced Plaintiff's W-2s and tax returns for 2022 and 2023. Plaintiff's 2022 W-2 shows Plaintiff's 2021 income as $9,217. Plaintiff testified that she began working her job in September 2021, giving her three or four taxable months of income in 2021. Dividing $9,217 by three results in a monthly income of $3,090.33, and dividing it by four results in a monthly income of $2,304.25. Neither calculation is $2,649.42, as the trial court found. Plaintiff asserts, "Plaintiff's monthly income in 2021 was $2,694.92, reflecting $9,217.00 divided by three in 2021 . . . ." Plaintiff's calculation is incorrect.

The findings regarding Plaintiff's 2022 and 2023 income are supported by competent evidence. Plaintiff's W-2s and tax returns for 2022 and 2023 show her income for those years as follows:

2022: $31,793.08 in wages

2023: $36,473 total from two W-2s ($5,330.75 from Keer America and $31,141.81 from ILiM)

Although Plaintiff testified that she earned "40k" at the job she secured right before separation, the trial court reasonably credited the figures on Plaintiff's W-2s and tax returns over her colloquial "40k" response. *See Grissom v. Cohen*, 261 N.C. App. 576, 587 (2018) ("The trial court has the discretion to determine the credibility and weight of all the evidence, whether it was a written document or live testimony, and this Court cannot re-weigh the evidence.") As Plaintiff notes, Defendant cannot now complain that the trial court relied upon the documents he presented.

The finding regarding Plaintiff's 2024 income–"$26000 year/ $2167.00 month (Kaleidoscope Learning)"–is not supported by competent evidence, as Plaintiff concedes. From January through April 2024, Plaintiff earned $42,000 per year, or $3,500 per month, at Keer America. Starting in May 2024, Plaintiff earned $26,000 year, or $2,167 per month, at Kaleidoscope Learning. When the $14,000 she earned from Keer is added to the $17,336 she earned from Kaleidoscope Learning, Plaintiff earned $31,336 in 2024. The trial court improperly applied Plaintiff's post-May income to the entire year.

Accordingly, the trial court's findings regarding Plaintiff's 2022 and 2023 income are supported by competent evidence. However, the trial court's findings regarding Plaintiff's 2021 and 2024 income are not supported by competent evidence.

### 2. *Childcare Expenses – Finding of Fact 37*

Defendant next argues that Finding 37 addressing the parties' childcare expenses is not supported by the evidence.

The trial court found the parties had the following monthly childcare expenses:

| Party | Year | Expense |
|-------|------|---------|
| Plaintiff | 2021 | $911.00 (ILiM School) |
| Plaintiff | 2022 | $255.00 (Steele Creek) |
| Plaintiff | 2023 | $680.00 (Rivergate) |
| Plaintiff | 2024 | $680.00 (Rivergate) |
| Defendant | 2021 | $0.00 |
| Defendant | 2022 | $0.00 |
| Defendant | 2023 | $0.00 |
| Defendant | 2024 | $0.00 |

Defendant argues, and Plaintiff concedes, that competent evidence does not support the finding that Plaintiff's 2021 childcare expenses were $911 per month. Defendant also argues, and Plaintiff also concedes, that competent evidence does not support the finding that Plaintiff paid $255 per month in childcare to Steele Creek in

2022. Competent evidence likewise does not support a finding that Defendant paid $0 in childcare in 2022.

Regarding 2023 and 2024 childcare expenses, Plaintiff averred in her affidavit of financial standing that her necessary childcare expenses were $680 per month; Defendant averred in his affidavit of financial standing that his necessary childcare expenses were $0 per month. Plaintiff testified on cross examination that, although weekly childcare expenses at the child's school would be $110, she could not use that childcare, so she used a taekwondo school as an alternative. The trial court's implicit determination that Plaintiff's use of the taekwondo school as necessary childcare is not challenged by Defendant. The trial court's finding that Plaintiff's necessary childcare expenses in 2023 and 2024 were $680 per month while Defendant's were $0 is supported by competent evidence, even if the record contains conflicting evidence.

Accordingly, the trial court's findings regarding the parties' 2023 and 2024 childcare expenses are supported by competent evidence. However, the trial court's findings concerning Plaintiff's 2021 and 2022 childcare expenses and Defendant's 2022 childcare expenses are not supported by competent evidence.

### 3. *Extraordinary Expenses – Findings of Fact 38 and 40*

Defendant next argues, Plaintiff concedes, and we agree that Findings 38 and 40 addressing the parties' monthly extraordinary costs for the child are not supported by competent evidence. Competent evidence does not support the finding that

Plaintiff had a monthly extraordinary expense of $170 for the child's karate in 2023 and 2024.

### 4. *Monthly Child Support Obligations – Findings of Fact 44 and 45*

Defendant argues, and we agree, that in light of the income and childcare expense errors identified above, the child support calculations in Finding 44 and subsequent arrearages in Finding 45 are not supported by competent evidence.

### 5. *Child Support Order – Conclusion of Law 9*

In light of the unsupported findings of fact identified above, the trial court's conclusion that "[t]he child support Order in this matter is consistent with the best interests of the minor children (sic)" is "manifestly unsupported by reason" and thus an abuse of discretion. *Briley*, 348 N.C. at 547 (citations omitted).

## C. Alimony

### 1. *Plaintiff's Total Monthly Income – Finding of Fact 63*

Defendant argues, and we agree, that in light of the income and childcare expense miscalculations which resulted in erroneous child support calculations, Finding 63 that Plaintiff's monthly income of $2,167, which includes child support received, is not supported by competent evidence.

### 2. *Inclusion of Child-Related Expenses – Findings of Fact 64 and 65*

Defendant argues that the trial court erred by including the child's monthly expenses in Plaintiff's total monthly expenses to reach the conclusion that Plaintiff is a dependent spouse for purposes of alimony.

To receive an award of alimony, the party seeking alimony must establish that they are a dependent spouse, the other party is a supporting spouse, and an award of alimony is equitable. *Barrett v. Barrett*, 140 N.C. App. 369, 371 (2000). A "dependent spouse" is one "who is actually substantially dependent upon the other spouse for . . . maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2025). To determine dependency, the trial court must determine the parties' income and expenses, standard of living, present earnings, earning capacity, and any other "condition" at the time of hearing, including health and child custody. *Williams v. Williams*, 299 N.C. 174, 182-83 (1980). The parties' childcare expenses is one of the factors contemplated by *Williams* and should be considered when determining dependency. *Fink v. Fink*, 120 N.C. App. 412, 419 (1995) (custodial parent); *Robinson v. Robinson*, 210 N.C. App. 319, 332 (2011) (non-custodial parent). A child support amount set consistent with the Guidelines is conclusively presumed to meet the reasonable needs of the child. *Fink*, 120 N.C. App. at 423. Accordingly, one spouse may not be found dependent based in part upon their actual child support expenditures where the other spouse is credited only with their Guideline proportionate share. *Id.* at 424.

In Finding 64, the trial court found Plaintiff's monthly expenses to be $5,790.77, which included $1,486.97 in actual expenses for the child, as indicated on Plaintiff's financial affidavit. In Finding 65, the trial court found that when Plaintiff's expenses are deducted from her income, she has a monthly deficit of $1,857.

- 9 -

As to Defendant, the trial court found his monthly income to be $15,116, from which it deducted his monthly expenses as indicated on his financial affidavit, including $595.96 in actual expenses for the child, and his monthly child support obligation of $1,766.77. The trial court thus found Defendant had $9,072.10 to provide alimony.

The trial court considered the parties' expenses for the child and added child support received to Plaintiff's income and deducted the same from Defendant's income. Under *Fink* and *Robinson*, when the trial court accounts for guideline support in this manner, it may consider the custodial parent's caregiving obligations in assessing dependency and reasonable needs. Thus, the methodology used in Findings 64 and 65 was not an abuse of discretion.

However, in light of the income and childcare expense miscalculations which resulted in erroneous child support calculations, as well as the trial court's error in calculating Defendant's income for purposes of alimony as explained in the next section, the trial court's calculation of Plaintiff's net income in Finding 65 for purposes of alimony is not supported by competent evidence.

### 3. *Defendant's Ability to Pay – Findings of Fact 67, 69, and 70*

Defendant argues that the trial court erred by using his gross income without considering mandatory deductions–including taxes and social security–in determining his available income to pay alimony.

"Alimony is ordinarily determined by a party's actual income . . . at the time of

the order" based on evidence presented at the hearing. *Green v. Green*, 255 N.C. App. 719, 732 (2017) (quotation marks and citation omitted). A trial court must account for mandatory deductions in its calculation of a party's income for purposes of alimony. *Wise v. Wise*, 264 N.C. App. 735, 741 (2019). At a minimum, the trial court must make findings setting forth the reasons why any mandatory deductions were not factored into its calculations. *Id.* at 744.

Here, the trial court used Defendant's gross income, calculated for purposes of establishing child support, in assessing his ability to pay alimony without considering any mandatory deductions. The court's failure to account for any mandatory deductions was not supported by reason and amounted to an abuse of discretion. *Id.*

### 4. *Amount and Duration of Alimony – Findings 72, 78,[1] and 85*

Defendant argues that the trial court's alimony award of $5,000 per month for five years exceeds Plaintiff's needs and places him in a monthly deficit.

Because the child support recalculations and corrected income findings will materially affect both parties' financial circumstances, the trial court must reconsider the alimony amount and duration.

Plaintiff concedes that the amount of the alimony to be paid must be recalculated in light of the various errors outlined above. We agree with Plaintiff that her dependency and entitlement to alimony are unchallenged, and the trial

---

[1] Defendant asserts that he challenges Finding 79, but his argument challenges Finding 78.

court's findings regarding such remain undisturbed.

**D. Decretal Paragraphs 1, 4, and 5**

Defendant argues, and we agree, that in light of the various unsupported findings and erroneous conclusion, the child support award in decretal paragraph 1, child support arrearage in decretal paragraph 4, and alimony award in decretal paragraph 5 are erroneous.

## III.   Conclusion

The following findings of fact, or portions thereof as detailed above, are not supported by competent evidence:  Findings 30, 37, 38, 40, 44, 45, 63, 65, 67, 69, 70, 72, 78, and 85.  Furthermore, Conclusion of Law 9, as well as decretal paragraphs 1, 4, and 5 are erroneous.  The trial court's order and judgment on child support and alimony is "manifestly unsupported by reason," *Briley*, 348 N.C. at 547, and is vacated and remanded for findings of fact supported by competent evidence, proper conclusions of law in light of such facts, and correct decretal paragraphs.

VACATED AND REMANDED.

Judges CARPENTER and FREEMAN concur.