LORENZA BETHEA, JR. v. WANDA ALLRED McDONALD

No. 8320DC1184

(Filed 2 October 1984)

1. **Appearance § 2— general appearance—in personam jurisdiction**

When defendant came into court and answered the charges made against her in the motion requesting that she be held in contempt, she made a general appearance, which conferred jurisdiction over her person to the court, and she thereby waived the defective execution or nonexecution of the procedural requirements contained in G.S. 5A-23.

2. **Contempt of Court § 6.2; Divorce and Alimony § 25.12— child custody—visitation—contempt proceeding—insufficiency of evidence**

In a civil proceeding in which defendant mother was held in contempt of court for her failure to comply with the terms of visitation in a custody order, evidence was insufficient to support the trial court's findings of fact and conclusions of law that (1) failure of defendant to inform plaintiff of her new address was deliberate, intentional and calculated to deprive plaintiff of communication with the child and that (2) the refusal of defendant to permit the child to visit with plaintiff when a request was made by his mother as his agent was deliberate, intentional and contemptuous.

3. **Contempt of Court § 7— civil contempt proceeding—punishment for criminal contempt—order vacated**

An order in a civil proceeding finding defendant in contempt for failure to comply with the terms of visitation in a custody order must be vacated because it failed to specify as required by G.S. 5A-22(a) how defendant might purge herself of contempt, and the court, in ordering defendant jailed for 30

days without stating what action she could take to secure her release, wrongfully applied a criminal contempt punishment in a civil contempt proceeding.

APPEAL by defendant from *Honeycutt, Judge.* Order entered on 29 August 1983 in District Court, RICHMOND County. Heard in the Court of Appeals on 19 September 1984.

*No counsel contra.*

*Lumbee River Legal Services, Inc., by William L. Davis, III, for defendant appellant.*

BRASWELL, Judge.

For her failure to comply with the terms of visitation in a custody order, the defendant-mother in a civil proceeding was held in contempt of court and ordered into the Richmond County Jail for thirty days. The defendant on appeal contends that the trial court did not possess *in personam* jurisdiction over her to enter such a contempt order and that the findings of fact and conclusions of law within the contempt order are not supported by the evidence.

The plaintiff-father and defendant-mother are the parents of a minor child born out of wedlock. On 7 May 1981, while the defendant was in jail for an unrelated matter, the plaintiff sued for custody of the child. The defendant answered and counterclaimed for custody. In an order entered 15 April 1982, the defendant was found to be a fit and proper person and awarded custody of the child. The plaintiff was awarded reasonable visitation rights including:

b. That the Plaintiff shall have the minor child for three weeks during the Summer, such time to be mutually agreed upon by the parties.

On 12 August 1983 the plaintiff instituted the present proceeding by filing a "Motion to Cite Defendant for Contempt of Court." This motion was accompanied by a notice, signed by the plaintiff's attorney, stating that the plaintiff would go forward with his motion on 29 August 1983. All the parties and their counsel appeared for the hearing.

**Bethea v. McDonald**

From the record the evidence presented by the plaintiff through the testimony of his mother, Annie Mae Bethea, indicated that in July of 1983 she wrote a letter to the defendant asking her to let the child visit her son for three weeks in the summer. This letter was returned to her marked address unknown. At the Clerk of Court's office, the plaintiff's mother was told the defendant's current Raleigh address. She went to visit the defendant and told her that she wanted to get the child for the three weeks' visitation. The defendant replied that she could not get the child ready to go that day but that he could go with her next week. Ms. Bethea returned to her home in Rockingham, but the defendant did not bring the child. She further stated that the plaintiff had not visited his child since the custody order was entered.

The defendant similarly testified that since the 1982 custody proceedings she has not heard from the plaintiff nor has he visited the child. She explained that her address had changed because she had gotten married and had moved. The defendant further testified that when Ms. Bethea came by to ask if the child could come visit for the next three weeks she explained that she needed time to clean his clothes and to prepare his things. The defendant told Ms. Bethea to come back in a week and pick him up. Ms. Bethea did not return for the child.

[1] In her first assignment of error, the defendant contends that because the procedural requirements of G.S. 5A-23(a) were not followed the trial court was not entitled to exercise jurisdiction over her. G.S. 5A-23(a) states in pertinent part that:

> Proceedings for civil contempt are either by the order of a judicial official . . . or by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and show cause why he should not be held in contempt. The order or notice may be issued on the motion and sworn statement or affidavit of one with an interest in enforcing the order, including a judge, and a finding by the judicial official of probable cause to believe there is civil contempt.

In the present case, the plaintiff's motion instigating the civil contempt proceedings was not accompanied by a sworn statement or affidavit. Secondly, no order or notice by a judicial official di-

recting the defendant to appear and show cause why she should not be held in civil contempt was ever issued or served upon her. Despite these procedural defects, the defendant appeared in court on the scheduled date and participated in the contempt proceedings. We hold that the defendant's actions constituted a general appearance which conferred jurisdiction over her person to the court.

The North Carolina rule for determining what constitutes a general appearance has been well defined. The defendant's appearance must be for a purpose in the cause, not one merely collateral to it. The party must have asked or received some relief in the case or participated in some step taken in it. Essentially, the test of whether the defendant has made a general appearance is whether she became an actor in the cause. *Williams v. Williams*, 46 N.C. App. 787, 789, 266 S.E. 2d 25, 27 (1980). *See also Hall v. Hall*, 65 N.C. App. 797, 800, 310 S.E. 2d 378, 381 (1984). Thus, when the defendant came into court and answered the charges made against her in the motion requesting that she be held in contempt she made a general appearance. "[I]t has long been the rule in this jurisdiction that a general appearance . . . will dispense with process and service." *Williams v. Williams, supra.* Therefore, through her general appearance, the defendant has waived the defective execution or nonexecution of the procedural requirements contained in G.S. 5A-23. *See also Lowder v. All Star Mills, Inc.,* 301 N.C. 561, 583, 273 S.E. 2d 247, 260 (1981); *reversed in part on other grounds,* 309 N.C. 695, 309 S.E. 2d 193 (1983).

[2] The defendant's second assignment of error asserts that the evidence presented was insufficient to support the trial court's findings of fact and conclusions of law. From our review of the evidence and the order, we must agree. In a mixture of facts and conclusions of law, the trial court found the facts as follows:

6. The failure of the defendant to notify or inform the plaintiff of the new address at which she was keeping the child was deliberate, intentional and calculated to deprive the plaintiff of communication with the child.

7. The refusal of the defendant to permit the child to visit with the plaintiff when the request was made by Annie Bethea as agent of the plaintiff approximately four weeks before school began was deliberate, intentional, and contemp-

tuous of the order of the Court which was entered on April 15, 1982.

We hold that these conclusions and findings are unsupported by the evidence. Contrary to Finding of Fact No. 6, there was no evidence presented that the defendant's failure to notify the plaintiff of her address change was a deliberate and calculated attempt to prevent the plaintiff from contacting his child. The uncontroverted evidence does show on the other hand that as of July 1983 the plaintiff had not tried to visit his child since the entry of the April 1982 custody order. We also think it important to note that the custody order did not require the defendant to notify the plaintiff concerning her address changes and therefore was not in violation of the order by failing to do so. With no such requirement placed on the defendant in the order, the plaintiff had a responsibility of his own to keep informed of his child's residence.

Similarly, Finding of Fact No. 7 was not supported by the evidence. This finding states that the defendant deliberately and contemptuously refused to permit the child to visit his father. The order, however, states that the plaintiff shall have the child for a period of three weeks in the summer "mutually agreed upon by the parties." The evidence again shows that when Ms. Bethea arrived unexpectedly and wished to take the child immediately, it was not mutually agreeable. The evidence further shows that the defendant was willing to allow the child to visit if she could have sufficient time to prepare his clothes and things for the visit. Although the parties' stories differed as to whether the child would be picked up in Raleigh or carried to Rockingham, there was no evidence that this mishap occurred intentionally or deliberately on the part of the defendant for the purpose of undermining the visitation rights of the plaintiff.

[3] Furthermore, the contempt order must be vacated because it fails to specify as required by G.S. 5A-22(a) how the defendant might purge herself of contempt. The purpose of civil contempt is not to punish, but to coerce the defendant to comply with the order. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). Thus the purging provision is essential to the order. By ordering the defendant jailed for thirty days and by failing to state what action she could take to secure her release, the trial court

wrongfully applied a criminal contempt punishment in a civil contempt proceeding. Because the evidence does not support the findings of fact and conclusions of law and because the trial judge failed to comply with the mandate of G.S. 5A-22(a), we hold that the order holding the defendant in contempt must be

Reversed.

Judges WEBB and EAGLES concur.