NORMAN CARTER AND SOPHY CARTER, PLAINTIFFS v. JAMIE HILL AKA (FRANK
HILL) AND STACY HILL, DEFENDANTS

No. COA06-1517

(Filed 16 October 2007)

**1. Contempt— civil contempt—no underlying order or judgment—failure to give adequate notice—failure to make appropriate findings of fact**

The trial court erred by holding defendants in civil contempt for failure to pay $2,480 in a summary ejectment case, because: (1) the contempt order was not based on any underlying order or judgment since no judgment was reduced to writing as required by N.C.G.S. § 1A-1, Rule 58; (2) even if the trial court's underlying judgment had been properly entered, defendants had not been given adequate notice of the contempt proceeding when defendants were notified at the end of trial that they would be held in contempt until the debt was paid and they were taken immediately to jail with no good cause shown in violation of N.C.G.S. § 5A-23(a); and (3) the trial court failed to make the appropriate findings of fact including willfulness and the ability to comply, and to the contrary the court found defendants were not able to pay the court ordered amount.

**2. Appeal and Error— appealability—outside scope of order**

Although defendant's remaining arguments concern errors that allegedly occurred during trial relating to the admission of evidence and rulings on defendants' defenses and counterclaims, these assignments of error are dismissed because: (1) they are not properly before the Court of Appeals since they are outside the scope of the order being appealed; and (2) the notice of appeal references the order entered on 6 September 2006 which found defendant in civil contempt, and thus defendants have properly appealed only from the court's determination of civil contempt.

Appeal by defendants from order entered 6 September 2006 by Judge Victoria Roemer in Forsyth County District Court. Heard in the Court of Appeals 20 August 2007.

*No brief filed for plaintiffs-appellees.*

*Legal Aid of North Carolina, Inc., by Jamiah Waterman, Liza Baron, and Will Corbett, for defendants-appellants.*

MARTIN, Chief Judge.

On 21 July 2006 plaintiffs filed a Complaint in Summary Ejectment against defendants, alleging that defendants failed to pay $990 in rent and owed $500 for damage to plaintiffs' property. The magistrate found that defendants owed $840 in past-due rent but also that plaintiffs had breached the warranty of habitability and owed defendants $175 per month rent abatement for the fourteen months defendants lived in the house. Defendants appealed the magistrate's judgment to the district court and filed an Answer and Counterclaims in response to the Complaint for Summary Ejectment.

Upon trial *de novo*, the parties appeared *pro se*. The evidence tended to show plaintiffs agreed to lease a home to defendants for one year, beginning 1 May 2005, at a rent of $575 per month. When defendants moved into the home, they found leaking pipes, flooding in the basement, excessive water bills, slow drains, broken doors, and unfinished walls. Despite defendants' numerous requests to plaintiffs, no repairs were made. During the fourteen months that defendants lived in the house, they paid $6,125 in rent. After defendants rested their case, the trial court entered, in open court, an oral judgment for plaintiffs in the amount of $2,480 and made no rulings on defendants' counterclaims. The judge *sua sponte* notified defendants that they would be held in civil contempt of court until they paid $2,480 to plaintiffs. Defendants were held in jail until later that day when they were able to pay the amount. According to the record before this Court, at the end of trial, the trial court entered only an Order of Commitment upon finding defendants "in Civil contempt . . . due to the following: Defendants not able to pay the Court Ordered $2480.00" and entered no other order or judgment. Defendants appeal from the order finding them in contempt.

[1] Defendants contend that the trial court erred in holding them in civil contempt because the contempt order is not based on any underlying order or judgment, it was made after a hearing without proper notice to defendants, and it was not based upon proper findings. On all of these points, we agree.

N.C.G.S. § 5A-21 defines civil contempt as "[f]ailure to comply with an order of a court." The trial court purported to conform to this definition where it based its finding of contempt upon defendants' inability to pay "the Court Ordered $2480.00." An examination of the record, however, reveals that the court had not ordered that amount

because no judgment was entered. "[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2005). Since no judgment was reduced to writing, defendants could not have failed to comply with an order of the court to pay $2,480 at the time the trial court found defendants in civil contempt.

Even if the trial court's underlying judgment had been properly entered, the trial court still erred in finding defendants in civil contempt when they had not been given adequate notice of the contempt proceeding.

> Proceedings for civil contempt are by motion [of an aggrieved party], by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt, or by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt. *The order or notice must be given at least five days in advance of the hearing unless good cause is shown.*

N.C. Gen. Stat. § 5A-23(a) (2005) (emphasis added). In the case before us, defendants were notified at the end of the trial that they would be held in contempt until the debt was paid, and they were taken immediately to jail. No good cause was shown. Therefore, the hearing was clearly in violation of N.C.G.S. § 5A-23(a).

In absence of the preceding two defects, the court also erred by failing to make appropriate findings of fact to support the entry of a civil contempt order. "If civil contempt is found, the judicial official must enter an order finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself or herself of the contempt." N.C. Gen. Stat. § 5A-23(e) (2005). Failure to comply with an order of the court is civil contempt only when the noncompliance is willful and "[t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order." N.C. Gen. Stat. § 5A-21(2a)-(3) (2005). Findings of fact on these particular elements are conspicuously absent from the trial court's contempt order in this case. Quite to the contrary, the court found "Defendants *not* able to pay the Court Ordered $2480.00." (emphasis added).

Each of the errors we have discussed would alone be sufficient to reverse the trial court's entry of the contempt order. Because we reverse the trial court on this issue, we need not consider defendants' next arguments that the entry of the contempt order violated the prohibition against debtors' prison in Article 1, § 28, of the North Carolina Constitution, violated their rights to exempt property from execution as provided in Article X, § 1, of the North Carolina Constitution, and that the order deprived defendants of their property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

[2] Defendants' remaining arguments concern errors that occurred during trial, related to the admission of evidence and rulings on defendants' defenses and counterclaims. These errors are not properly before us because they are outside the scope of the order being appealed in this case. "Any party entitled by law to appeal *from a judgment or order* of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal . . . ." N.C. R. App. P. 3(a) (2006) (emphasis added). The notice of appeal in the case before us references "the order entered on September 6, 2006, in the District Court of Forsyth County, which found Defendants to be in civil contempt, and committed them to confinement until they paid $2,480 to Plaintiffs." Thus, defendants have properly appealed only from the court's determination of civil contempt.

Reversed.

Judges McCULLOUGH and TYSON concur.