GREGORY K. MOSS, Plaintiff v. JACQUELINE MOSS, Defendant

No. COA11-1313

(Filed 7 August 2012)

## 1. Appeal and Error—preservation of issues—procedural defect—failure to object—waiver

Defendant failed to object at a civil contempt hearing to the procedural defect when the judge indicated that she had the burden of proof at the show cause hearing. Thus, defendant waived the right to raise the issue on appeal.

**2. Contempt—civil—willful failure to comply—equitable distribution consent order**

The trial court did not err by finding defendant in civil contempt for willful failure to comply with an equitable distribution consent order. The trial court's findings of fact were supported by sufficient, competent evidence presented at the show cause hearing and the findings supported the conclusions of law that the defendant's failure to pay for the Mercedes was willful.

Appeal by defendant from order entered 18 March 2011 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 21 March 2012.

*The Law Office of Richard B. Johnson, PA, by Richard B. Johnson, for plaintiff-appellee.*

*Marshall A. Swann, for defendant-appellant.*

CALABRIA, Judge.

Jacqueline Moss ("defendant") appeals from an order finding her in civil contempt for willful failure to comply with a Consent Order for Equitable Distribution ("consent order"). We affirm.

## I. Background

Defendant and Gregory K. Moss ("plaintiff") were married and subsequently divorced. Their respective claims for equitable distribution were resolved by a consent order in May 2010. Defendant was in possession of a Yukon Denali ("Denali") and plaintiff was in possession of a Mercedes Benz ("Mercedes"). The consent order provided that the parties would swap their current vehicles, effective 9 April 2010. Although the Denali was titled in both parties' names, the Mercedes was only titled in plaintiff's name. Pursuant to their agreement in the consent order, plaintiff took possession of the Denali and defendant took possession of the Mercedes. Each party was required to make all reasonable efforts to remove the other parties' name from the vehicle's title within one year. In addition, each party was solely responsible for "any and all costs associated with the vehicle" and agreed to hold the other party harmless from all liability arising from such costs. Despite the agreement in the consent order, defendant never refinanced the Mercedes in her name, so plaintiff remained liable for the debt associated with that vehicle.

MOSS v. MOSS

[222 N.C. App. 75 (2012)]

On 23 August 2010, plaintiff received a collection letter from Coastal Federal Credit Union ("CFCU") indicating that the Mercedes had been repossessed and sold. After the sale, a deficiency remained on the account in the amount of $12,284.89. The CFCU letter further stated that the deficiency had been charged to plaintiff.

As a result of the repossession and deficiency, plaintiff filed a verified motion on 7 February 2011 based on defendant's alleged willful failure to abide by the court's order. Plaintiff requested that the trial court find defendant in civil or criminal contempt and order her to pay plaintiff's costs and attorney's fees for prosecution of the motion. That same day, defendant was ordered to show cause why she should not be held in contempt. The order was signed by an Assistant Clerk of Superior Court. After a hearing in Mecklenburg County District Court, the trial court granted plaintiff's motion in part, denied plaintiff's motion in part and ordered defendant to pay a portion of plaintiff's attorney's fees. Defendant appeals.

## II. Waiver of Procedural Defect

**[1]** Defendant alleges that the trial court committed prejudicial error by placing the burden of proof on defendant to present competent and sufficient evidence that defendant did not willfully fail to comply with the court's consent order. We disagree.

Proceedings for civil contempt can be initiated in three different ways: (1) "by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt[;]" (2) "by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt[;]" or (3) "by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt." N.C. Gen. Stat. § 5A-23(a), (a1) (2011). Under the first two methods for initiating a show cause proceeding, the burden of proof is on the alleged contemnor. N.C. Gen. Stat. § 5A-23(a) (2011). However, when an aggrieved party rather than a judicial official initiates a proceeding for civil contempt, the burden of proof is on the aggrieved party, N.C. Gen. Stat. § 5A-23(a1) (2011), because there has not been a judicial finding of probable cause. *Trivette v. Trivette*, 162 N.C. App. 55, 60, 590 S.E.2d 298, 303 (2004).

The statute defines "judicial official" as the "trier of facts at the show cause hearing." N.C. Gen. Stat. § 5A-23(d) (2011). "Except when

the General Statutes specifically provide for the exercise of contempt power by the clerk of superior court, proceedings under this section are before a district court judge, unless a court superior to the district court issued the order in which case the proceedings are before that court." N.C. Gen. Stat. § 5A-23(b) (2011).

In the instant case, plaintiff filed a motion and notice of hearing to determine why defendant should not be held in contempt. The order to show cause was signed by an assistant clerk of court, who is not included in the definition of judicial official. N.C. Gen. Stat. § 5A-23(b), (d) (2011). Since an assistant clerk rather than a district court judge signed the show cause order, defendant contends that N.C. Gen. Stat. § 5A-23(a1) applies and that plaintiff had the burden of proof at the hearing to show cause why defendant should be held in contempt.

Defendant alleges that the trial court failed to adhere to the statute by shifting the burden of proof to defendant. At the beginning of the hearing the judge stated, "[a]lright [defendant], tell me why she needs to present evidence why she should not be held in contempt. You need to _____ for those two issues. Deficiency on the Mercedes and the tax _____." After the judge's statement, defense counsel began questioning defendant about her compliance with the order. Defendant took the stand and presented her evidence. Defendant failed to object to the judge's statement at the hearing. In addition, defendant never indicated to the court that the Show Cause order was signed by an assistant clerk of court or that plaintiff, rather than defendant, had the burden of proof at the hearing.

Both the Supreme Court and this Court state that a party who comes "into court to answer the charges of the show cause order" waives the right to complain about any procedural defects that were utilized to initiate the underlying civil contempt proceeding. *Lowder v. Mills, Inc.*, 301 N.C. 561, 583, 273 S.E.2d 247, 260 (1981). *See also Bethea v. McDonald*, 70 N.C. App. 566, 568-69, 320 S.E.2d 690, 692 (1984) (holding that, despite the fact that the plaintiff's motion "instigating the civil contempt proceedings" did not include "a sworn statement or affidavit" and the fact that "no order or notice by a judicial official directing the defendant to appear and show cause . . . was ever issued or served . . . [,]" the defendant's appearance in court on the scheduled date and participation in the contempt hearing sufficed to support the trial court's decision to exercise jurisdiction over the defendant).

In the instant case, defendant never objected to the trial court's allocation of the burden of proof to her or challenged the fact that an assistant clerk rather than a member of the judiciary signed the show cause order. Therefore, the fact that an assistant clerk, rather than a judicial official, entered the show cause order necessarily means that defendant's contempt proceeding was initiated by the filing of a motion rather than the entry of a show cause order. According to N.C. Gen. Stat. § 5A-23(a1), which governs the conduct of civil contempt proceedings initiated by the filing of a motion, "[t]he burden of proof in [such circumstances] shall be on the aggrieved party." N.C. Gen. Stat. § 5A-23(a1) (2011). As a result, plaintiff, rather than defendant, should have been required to bear the burden of proof at the contempt hearing. Since defendant failed to object to the trial court's action and acquiesced in the procedure employed by the trial court, however, defendant waived the right to complain about this procedural defect.

Defendant relies on *Trivette*, in which this Court vacated a contempt order when the judge placed the burden of proof on the contemnor, instead of the aggrieved party. 162 N.C. App. at 61, 590 S.E.2d at 303. Although *Trivette* was also a contempt proceeding that had also been initiated by the aggrieved party, rather than a judicial official, *Trivette* is distinguishable. *Id.* at 60, 590 S.E.2d at 303. In *Trivette*, there was no indication that the parties raised or that the Court decided the issue of whether the defendant had waived the right to challenge the trial court's decision with respect to the burden of proof.

In the instant case, on the other hand, plaintiff has explicitly argued that "[d]efendant waived any objection to the burden of proof issue on appeal [because she] did not object to this issue at trial." As defendant "came into court to answer the charges of the show cause order," she has waived the right to complain about any defects in the procedures utilized to initiate the underlying civil contempt proceeding. *See Lowder*, 301 N.C. at 583, 273 S.E.2d at 260; *see also Bethea*, 70 N.C. App. at 568-69, 320 S.E.2d at 692. According to well-established principles of North Carolina law, we are bound by these decisions. *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (holding that the Court of Appeals lacked the authority to overrule decisions of the Supreme Court of North Carolina and has, instead, a "responsibility to follow those decisions, until otherwise ordered by the Supreme Court"); *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding that "a panel of the

Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court").

### III. Civil Contempt

**[2]** Defendant contends that the trial court erred by finding and concluding that the defendant was in civil contempt when there was no competent or sufficient evidence to support the findings of fact and conclusions of law to the effect that she willfully failed to comply with the prior equitable distribution order. We disagree.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Trivette*, 162 N.C. App. at 60, 590 S.E.2d at 302-03 (citation omitted). It is well-settled that "it is within the trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented during the trial." *Phelps v. Phelps*, 337 N.C. 344, 357, 446 S.E.2d 17, 25 (1994) (citation omitted). "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Id.* (citation omitted).

When a party fails to comply with an order of a court the civil contempt continues as long as:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order;

(2a) The noncompliance by the person to whom the order is directed is willful; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A–21(a) (2011). This Court has held that "willfulness" is "(1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so." *Sowers v. Toliver*, 150 N.C. App. 114, 118, 562 S.E.2d 593, 596 (2002).

The trial court addressed the issue of willfulness in its findings of fact 9, 10, 12 and 14, which state:

9. Plaintiff sent [d]efendant a copy of the August 23, 2010 correspondence after he received the same from CFCU....

10. As of the date of the hearing, [d]efendant had made no payments towards the deficiency resulting from the sale of the Mercedes nor had she made any efforts to resolve the matter with CFCU. Defendant has not made any efforts to pay this obligation because she does not believe it is her responsibility since she only had the car for four (4) months.

. . .

12. Defendant also maintains a Nationwide Insurance General account with Bank of America with an account number ending in 3727. From July 1, 2010 through January 31, 2011, [d]efendant made deposits into this account in the total amount of $67,813.71. The [c]ourt finds that [d]efendant uses this account for her personal expenses.

. . .

14. Defendant has the present means and ability to comply with said Consent Order with the payment of the deficiency balance owed on the Mercedes in the amount of $12,284.89, or has the ability to take reasonable measures, which would enable compliance and her failure to do so has been willful and without just cause.

"Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence." *Watson v. Watson*, 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) (citation omitted).

Based on defendant's testimony, the court found that defendant had the ability to comply with the consent order and pay the deficiency for the Mercedes. According to plaintiff's evidence, defendant had a business expense account with deposits totaling $67,813.71 from July 2010 through January 2011. Defendant confirmed that she used the account for personal expenses as well as business expenses. Based on this information, the court found that defendant had the ability to pay the $12,284.89 deficiency.

There was also sufficient evidence that defendant willfully failed to pay the deficiency. During the hearing, defendant testified that the Mercedes was distributed to her on 9 April 2010 pursuant to the consent order and that the Mercedes was repossessed in the summer of

2010. Defendant knew that the car had been repossessed and had a conversation with the bank two days later regarding the repossession. Plaintiff's attorney asked defendant if it was her position that she did not owe the $12,000 deficiency. Defendant replied that she only had access to the car for three months, that she paid for those three months, that the car was in plaintiff's name when they repossessed the car and that the repossession was not her fault. Defendant also testified that she was obligated to pay the deficiency if it was "within [her] control" but the repossession was not within her control. Defendant's position was that she had made three payments on the car, had only missed one payment and that the Mercedes was repossessed for reasons other than her failure to pay. The evidence presented showed that defendant was aware that the car had been repossessed, knew that there was a deficiency, did not pay any portion of the deficiency and did not believe she owed the deficiency. The trial court's findings of fact were based on competent evidence.

Defendant contends that there was no evidence that her failure to pay was willful because there was no competent evidence that she was aware of the deficiency. However, plaintiff testified that he sent the letter to defendant after he was notified of the deficiency. The trial court has discretion to determine which facts were established by the evidence. *See Phelps*, 337 N.C. at 357, 446 S.E.2d at 25. The trial court found defendant had sufficient knowledge of the deficiency and we hold that the evidence supported the judge's finding.

## IV.  Conclusion

Defendant failed to object at the hearing to the procedural defect when the judge indicated that she had the burden of proof at the show cause hearing. Therefore, defendant waived the right to raise the issue on appeal. Furthermore, the trial court's findings of fact were supported by sufficient, competent evidence presented at the show cause hearing and the findings supported the conclusions of law that the defendant's failure to pay for the Mercedes was willful. Therefore, defendant was properly held in contempt. We affirm.

Affirmed.

Judges ELMORE and ERVIN concur.