TYSON, Judge, concurring in part and dissenting in part.
The majority's opinion vacates and remands the trial court's orders. It asserts no competent evidence in the record supports the trial court's unchallenged findings and conclusion that Defendant failed to meet his burden to show cause and he could have paid at least some portion of his child support obligations, or that he can meet his purge conditions. If so, we should remand for further findings of fact solely on Defendant's present ability to purge.
I concur in part to remand for further findings on Defendant's present ability to purge his contempt, but respectfully dissent in part. Defendant has not met his burden or shown any cause why he should not be held in willful contempt to vacate the trial court's order. Competent evidence in the record presented by the Defendant himself supports the trial court's unchallenged findings of fact that Defendant repeatedly failed to pay his child support. Defendant does not deny he failed to pay child support for his children and his own evidence shows he possessed funds and hoarded assets above his basic necessities. Defendant's actions prove he was willing to and did deprive his children of their most basic needs, rather than discharge his lawful, voluntarily agreed-upon, and minimal child support obligations when he clearly had some means to do so.
I. Duty to Support
There is an ancient expectation and duty required of parents to support their children. State v. Bell , 184 N.C. 701, 713, 115 S.E. 190, 196 (1922). "This duty is recognized and discharged even by the higher orders of the animal world, and it would seem to be prescribed as to the human father by the most elementary principles of civilization as well as *40 of law." Id. (Emphasis omitted.) The Supreme Court of North Carolina has also held: "A duty to support and maintain minor children is universally recognized as resting upon the parents of such children.... This parental duty is said to be a principle of natural law[.]" Wells v. Wells , 227 N.C. 614, 618, 44 S.E.2d 31, 34 (1947).
The parents' failure to provide support for their child creates both civil and criminal liability for the parents. See N.C. Gen. Stat. § 49-2 (2017) ("Any parent who willfully neglects or who refuses to provide adequate support and maintain his or her child born out of wedlock shall be guilty of a Class 2 misdemeanor."); see also N.C. Gen. Stat. § 49-15 (2017) ("Upon and after the establishment of paternity pursuant to G.S. 49-14 of a child born out of wedlock, the rights, duties, and obligations of the mother and the father so established, with regard to support and custody of the child, shall be the same, and may be determined and enforced in the same manner, as if the child were the legitimate child of the father and mother.").
The case before us involves civil contempt. Under N.C. Gen. Stat. § 50-13.4(c1) (2017), North Carolina's stated public policy and "purpose of the [support] guidelines and criteria shall be to ensure that payments ordered for the support of a minor child are in such amount as to meet the reasonable needs of the child for health, education, and maintenance[.]" Parents must meet the support needs of their children after their own "basic *857 necessities," food, clothing and shelter, are met. Once these minimal or "basic necessities" for the parents' self-subsistence are satisfied, all other funds and assets of the parents are priority to and must be used to support their children, under pain of contempt. See Bell , 184 N.C. at 713, 115 S.E. at 196.
II. Contempt
"An order for the periodic payments of child support or a child support judgment that provides for periodic payments is enforceable by proceedings for civil contempt." N.C. Gen. Stat. § 50-13.4(f)(9) (2017). Once Defendant failed to make his child support payments, proceedings for civil contempt are properly initiated "by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt[.]" Moss v. Moss , 222 N.C. App. 75, 77, 730 S.E.2d 203, 204-05 (2012). Once the order directs the "alleged contemnor to appear," Defendant has the burden to "show cause why he should not be held in civil contempt." See id.
"Failure to comply with an order of the court is civil contempt only when the noncompliance is willful and '[t]he person to whom the order *41 is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.' " Carter v. Hill , 186 N.C. App. 464, 466, 650 S.E.2d 843, 844 (2007) (quoting N.C. Gen. Stat. § 5A-21(a)(3) ) (2005) (emphasis supplied). Under the unambiguous words in the statute and our precedents, Defendant's willfulness in his breach and nonpayment of child support and his ability to purge his contempt are separate and distinct issues. Id.
The majority's "balancing" analysis is more suited to the initial determination of what Defendant could and should pay for child support, which is not the issue at show cause. At the contempt hearing, Defendant acknowledged his past accumulation and nonpayment of his child support obligations. The correct inquiry on show cause is what Defendant could have paid, but did not pay, after he exempted and satisfied his basic needs of subsistence.
Any inquiry into the continued reasonableness of the agreed upon and established support obligations is proper at a modification hearing, not a contempt hearing. See Bogan v. Bogan , 134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999) (a trial court's order allowing a partial payment of support obligation at a contempt proceeding did not constitute a modification, because such modification is only allowed "upon motion in the cause and a showing of changed circumstances by either party.") (citation omitted).
Defendant's past willfulness of nonpayment can be ascertained through "an inventory of his financial condition" and findings by the trial court of his "assets and liabilities and his ability to pay and work." Bennett v. Bennett , 21 N.C. App. 390, 394, 204 S.E.2d 554, 556 (1974) (emphasis supplied) (citation omitted). Defendant's ability to purge his contempt must additionally satisfy the "present ability test," which requires the defendant to "possess some amount of cash, or asset readily converted to cash." McMiller v. McMiller , 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985).
In this case, Defendant expressly acknowledged his duty to support his children. Defendant entered into two voluntary support agreements ordering him to pay a little over $300.00 per month in total to support his children. Defendant accumulated a repeating history of nonpayment and breaches of his support agreement and obligations. At the time the most recent show cause hearing was held, Defendant had accumulated and owed nearly $32,000.00 in past due and unpaid child support.
*42 III. Burden at Hearing
Defendant does not contest that he was properly served with the motion and order to show cause. At the show cause hearing, Plaintiff presented evidence of the amount of accumulated arrears Defendant owed. The burden then shifted and rested upon Defendant to overcome the allegations of willful breach of his admitted obligations and nonpayment, and to show any cause why he should not be held in contempt. See Moss , 222 N.C. App. at 77, 730 S.E.2d at 204-05. Defendant appeared with counsel and offered *858 evidence of his income, expenses, and assets at the hearing.
Defendant provided competent evidence of his income and expenditures, including estimates on the values of his car and boat, his monthly income from gifts and selling junk cars, and his living expenses, which included payments he had made for gas, automobile liability insurance, and a cell phone in addition to expenses for food, clothing, and shelter.
The majority's opinion correctly states: "An obligor may be held in contempt for failure to pay less than he could have paid, even if not the entire obligation, but the trial court must find that he has the ability to fully comply with any purge conditions imposed upon him." Spears v. Spears , 245 N.C. App. 260, 278, 784 S.E.2d 485, 497 (2016).
The majority's opinion also correctly states the trial court's unchallenged findings of fact are based upon competent evidence:
i. "The Defendant owns a boat." Defendant does not challenge this finding as unsupported by the evidence. He did own a boat....
ii. "The Defendant owns a car." Defendant does not challenge this finding as unsupported by the evidence. He did own a car....
iii. "The Defendant spends money on gas." Defendant does not challenge this finding as unsupported by the evidence. He did buy a little gas....
....
viii. "The Defendant pays car insurance in the amount of $147.00 per month." Defendant challenges this finding as unsupported by the evidence because by the time of the second hearing date, defendant had cancelled his car insurance....
*43 ....
x. "The Defendant has a cell phone." The defendant does not challenge this finding as unsupported by the evidence.
None of these items are "basic necessities" for self-sustenance to excuse Defendant from breach of his priority obligations to support his children. It is not the role of this appellate court to re-weigh the competent evidence on these unchallenged and binding findings of fact, which support the trial court's conclusion.
IV. Standard of Review
The majority's opinion correctly states: "Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment. North Carolina's appellate courts are deferential to the trial courts in reviewing their findings of fact." County of Durham v. Hodges , --- N.C. App. ----, ----, 809 S.E.2d 317, 323 (2018). That standard of review is misapplied by re-weighing the evidence on appeal.
The record and transcript contain competent evidence to support the trial court's finding Defendant possessed money and assets above his "basic necessities," had been and was able to help meet a portion of his support obligations, and had failed to support his children. This evidence supports the trial court's conclusion that Defendant's failure was, and his continued failure to pay his child support obligations is, willful. See Hill , 186 N.C. App. at 466, 650 S.E.2d at 844.
Precedents require us on appellate review to defer to the trial court's findings and conclusion in contempt hearings. Our review of "contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Watson v. Watson , 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) (citation omitted). "Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment." Hartsell v. Hartsell , 99 N.C. App. 380, 385, 393 S.E.2d 570, 573 (1990) (emphasis supplied) (citation omitted). "[T]he court is not limited to ordering one method of payment to the exclusion of the others provided in the statute. The Legislature's use of the disjunctive and the phrase 'as the court may order' clearly shows that the [trial] court is to have broad discretion in *44 providing [and ordering] for payment of child *859 support orders." Moore v. Moore , 35 N.C. App. 748, 751, 242 S.E.2d 642, 644 (1978).
If, as the majority's opinion asserts, despite the established and unchallenged nonpayment and the competent evidence provided by Defendant, the findings of fact by the trial court are insufficient to support a conclusion Defendant has the present ability to purge, it is not necessary to vacate the entire order. Defendant still has failed to meet his burden at the show cause hearing why he should not be held in willful contempt for his past and admitted failures to pay child support and the $32,000.00 of accumulated debt under his voluntary agreement and the trial court's order. Spears , 245 N.C. App. at 278, 784 S.E.2d at 497.
If the trial court's findings do not support the conclusion that Defendant has the present ability to purge his willful contempt, upon remand for further findings of fact Defendant must show the amounts he can pay to purge his contempt or seek reduction of the purge conditions.
Defendant is not entitled to the findings and conclusions of his past breaches of his agreed-upon and very modest support obligations to his children being vacated. The competent evidence and unchallenged findings clearly show Defendant had money and hoarded assets well above his basic living necessities, and willfully spent money admittedly owed to the children on a cell phone, boat, car, gas, and insurance, instead of meeting his agreed-upon and lawful support obligations to his children.
While the trial court, sua sponte, did set purge conditions that are higher than DSS had initially sought, Defendant's own evidence shows he had additional means and capacity to pay beyond what he did pay and what DSS initially sought for him to purge. See Shippen v. Shippen, 204 N.C. App. 188, 190, 693 S.E.2d 240, 243 (2010) ("a failure to pay may be willful within the meaning of the contempt statutes where a supporting spouse is unable to pay because he or she voluntarily takes on additional financial obligations or divests him or herself of assets or income after entry of the support order." (citation omitted) ).
A finding indicating Defendant's failure to pay is willful and that he has the ability to comply "while not as specific or detailed as might be preferred, is minimally sufficient." Id. at 191, 693 S.E.2d at 244. The evidence, findings, and order before us clearly meets and exceeds that standard.
At most on remand, Defendant can attempt to meet his purge and/or can argue for a reduction of the purge amount or conditions. Tyll v. Berry , 234 N.C. App. 96, 112, 758 S.E.2d 411, 422 (2014) ("The trial court, therefore, erred in requiring the monetary payments without first *45 finding defendant was presently able to comply with the $2,500.00 fine imposed as a result of defendant's past contempt").
V. Conclusion
The issue in this case is whether Defendant's past failures to pay his support obligations were willful, not the reasonableness of the support obligation. Defendant voluntarily agreed to meet his most basic and legal obligations to support for his children and does not challenge that he willfully failed to do so. Defendant's own evidence shows he possessed funds and property above his basic necessities, failed to pay his child support, spent his money and time on other things, hoarded assets available to discharge his obligations, and breached and ignored his "universally recognized" duty to support his children. See Wells , 227 N.C. at 618, 44 S.E.2d at 34. Defendant has failed to meet his burden to "show cause why he should not be held in civil contempt[.]" Moss , 222 N.C. App. at 77, 730 S.E.2d at 204-05.
Under our standard of review, and Defendant's admitted breaches, it is unnecessary and a waste of judicial resources to vacate the trial court's unchallenged findings and conclusions on Defendant's willfulness. Such evidence and unchallenged findings show the Defendant's actions were volitional and his failure to support was willful. The trial court's unchallenged findings and conclusions that Defendant failed to pay his child support and has failed to meet his burden to show cause why he should not be held in willful contempt is properly affirmed. Presuming the purge amount may exceed the Defendant's admitted present abilities, remand is *860 appropriate for supplemental findings on Defendant's present ability to purge or for him to seek reduction thereof. I respectfully concur in part and dissent in part.