ARROWOOD, Judge.
 

 *150
 
 Clifford Lee ("defendant" or "C. Leon Lee, II") appeals from an order holding him in civil contempt. For the reasons stated herein, we vacate and remand.
 

 I.
 
 Background
 

 On 3 July 2002, a Cumberland County District Court entered an order whereby defendant was ordered to pay $ 350.00 per month, beginning 1 August 2002, for the support of his minor child. The Cumberland County Child Support Enforcement Agency ("plaintiff" or "the agency") filed a motion to intervene on behalf of the custodial parent of the minor child, Alisha Blackmon Lee ("relator"), to provide child support enforcement services. The motion came on for hearing on 1 November 2007 before the Honorable A. Elizabeth Keever in Cumberland County District Court. On 10 March 2008, the trial court entered an order allowing plaintiff to intervene and ordering defendant to pay the ongoing child support obligation into the
 
 *550
 
 North Carolina Child Support Centralized Collections.
 

 Plaintiff filed a motion to terminate ongoing child support and to establish arrears with repayment on 18 January 2011. The motion and a notice of hearing for 17 February 2011 was served on defendant by first class mail on 21 January 2011. Defendant moved for a continuance on 4 February 2011. The trial court denied defendant's motion for a continuance at the 17 February 2011 hearing, the Honorable Kimbrell Kelly-Tucker presiding. That same day, the trial court entered an order terminating ongoing child support, effective 30 June 2010, establishing defendant's arrears at $ 9,839.30 and setting repayment at $ 385.00 per month, beginning 1 March 2011.
 

 On 12 April 2017, the trial court entered an order to appear and show cause for defendant's failure to comply with the 17 February 2011 order. Defendant was served personally with the order to show cause on 11 May 2017. Defendant moved to continue the hearing on 15 May 2017. The trial court granted the motion and continued the hearing to 29 June 2017. The matter was continued four additional times.
 

 The order to appear and show cause came on for hearing on 22 November 2017 in Cumberland County District Court, the Honorable Robert J. Stiehl, III presiding. However, during the hearing, defendant claimed an order existed that was not in the file, so the trial court continued the matter. The hearing continued from the previous setting on
 
 *151
 
 20 December 2017. Defendant made various arguments, but did not testify and offered no other evidence. On 11 January 2018, the trial court entered an order for contempt, finding,
 
 inter alia
 
 :
 

 1. That on July 19, 2002 an Order was entered in this case whereby the Defendant was ordered to pay $ 350.00 per month for the support and maintenance of the minor child ... beginning August 1, 2002.
 

 ....
 

 4. It was established that the Defendant owed $ 9,839.30 in outstanding arrears as of February 16, 2011.
 

 5. In addition, the Defendant was ordered to pay the sum of $ 385.00 per month to be applied to the outstanding arrears beginning March 1, 2011 until paid in full. That said Order remains in full force and effect.
 

 6. That since the entry of the February 17, 2011 Order, the Defendant has made a total of 5,070.28 in payments toward the outstanding arrears.
 

 ....
 

 14. That since the entry of the Order, the Defendant has failed to comply with the payment terms of the aforesaid Order and as of November 30, 2017 the Defendant owes a total outstanding arrears of $ 4,769.12 and compliance arrears of $ 4,769.12 based on the records of North Carolina.
 

 15. That since the entry of the Order, the Defendant has not been under any physical or mental disability that would prevent him/her from working.
 

 ....
 

 18. That the Defendant had the ability to comply with the previous Order and has the ability to purge himself/herself as ordered.
 

 Based on the foregoing findings of fact, the trial court concluded "[t]hat the Defendant is in willful contempt of this Court for his[/her] failure to comply with the terms and conditions of the Order previously entered in this case." The trial court ordered defendant's purge condition is to make regular payments.
 

 Defendant appeals.
 

 *152
 
 II.
 
 Discussion
 

 Defendant argues the trial court committed reversible error by finding him in willful contempt because: (1) the record contains no evidence of his ability to pay the outstanding arrears as ordered, and (2) the agency made accounting errors. We agree that there is no evidence of defendant's ability to pay in the record. Therefore, we vacate the order and remand. We do not reach the second issue on appeal.
 

 "The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support
 
 *551
 
 the findings of fact and whether the findings support the conclusions of law."
 
 Watson v. Watson
 
 ,
 
 187 N.C. App. 55
 
 , 64,
 
 652 S.E.2d 310
 
 , 317 (2007) (citation omitted),
 
 disc. rev. denied
 
 ,
 
 362 N.C. 373
 
 ,
 
 662 S.E.2d 551
 
 (2008). Findings of fact made by the trial court during contempt proceedings "are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment."
 
 Cumberland Cty. ex rel. Mitchell v. Manning
 
 , --- N.C. App. ----, ----,
 
 822 S.E.2d 305
 
 , 307-308 (2018) (quoting
 
 Watson
 
 ,
 
 187 N.C. App. at 64
 
 ,
 
 652 S.E.2d at
 
 317 ).
 

 A trial court may hold a party in civil contempt for failure to comply with a court order if:
 

 "(1) The order remains in force;
 

 (2) The purpose of the order may still be served by compliance with the order;
 

 (2a) The noncompliance by the person to whom the order is directed is willful; and
 

 (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order."
 

 Id.
 

 at ----,
 
 822 S.E.2d at 308
 
 (quoting N.C. Gen. Stat. § 5A-21(a) (2017) ).
 

 Proceedings for civil contempt may be initiated:
 

 (1) "by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt;" (2) "by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should
 
 *153
 
 not be held in contempt;" or (3) "by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt."
 

 Id.
 

 at ----,
 
 822 S.E.2d at 308-309
 
 (quoting
 
 Moss v. Moss
 
 ,
 
 222 N.C. App. 75
 
 , 77,
 
 730 S.E.2d 203
 
 , 204-205 (2012) ; N.C. Gen. Stat. § 5A-23 (2017) ). An alleged contemnor has the burden of proof under the first two methods used to initiate a show cause proceeding.
 

 Id.
 

 (citation omitted). However, if an aggrieved party initiates a show cause proceeding instead of a judicial official, the burden of proof is on the aggrieved party instead, "because there has not been a judicial finding of probable cause."
 

 Id.
 

 (quoting
 
 Moss
 
 ,
 
 222 N.C. App. at 77
 
 ,
 
 730 S.E.2d at
 
 205 ).
 

 In
 
 Cumberland Cty. ex rel. Mitchell v. Manning
 
 , our Court reviewed an order for contempt that resulted from the agency filing a show cause for the defendant's failure to comply with a child support order.
 

 Id.
 

 at ----,
 
 822 S.E.2d at 306-307
 
 . The defendant argued,
 
 inter alia
 
 , that the trial court's findings on willfulness and present ability to pay were not supported by competent evidence and did not support the trial court's conclusions.
 

 Id.
 

 at ----,
 
 822 S.E.2d at 306
 
 . Our Court held that although the defendant had the burden of proof under N.C. Gen. Stat. § 5A-23 and failed to present any evidence at the hearing,
 

 the burden shift under the first two ways of commencement does not divest the trial court of its responsibility to make findings of fact supported by competent evidence: "despite the fact that the burden to show cause shifts to the defendant, our case law indicates that the trial court cannot hold a defendant in contempt unless the court first has sufficient evidence to support a factual finding that the defendant had the ability to pay, in addition to all other required findings to support contempt."
 

 Id.
 

 at ----,
 
 822 S.E.2d at 309
 
 (quoting
 
 Cty. of Durham v. Hodges
 
 , --- N.C. App. ----, ----,
 
 809 S.E.2d 317
 
 , 324 (2018) ) (citations omitted). Accordingly, because "[t]he record [was] devoid of evidence of [d]efendant's ability to pay the child support amount or purge amount at the time of the hearing[,]" "the trial court's finding on [d]efendant's ability to pay the child support amount owed and the purge amount [was] not supported by competent evidence."
 

 Id.
 

 at ---,
 
 822 S.E.2d at 310
 
 . As the trial court's determination of willfulness was predicated upon defendant's ability to pay, our Court vacated the order and remanded for proceedings not inconsistent with the opinion.
 

 Id.
 

 *552
 

 *154
 
 Similarly, in the case at bar, defendant had the burden of proof under N.C. Gen. Stat. § 5A-23, and failed to present any evidence at the hearing. His argument now raises the same issue decided in
 
 Cumberland Cty. ex rel. Mitchell
 
 : whether the agency must put forth sufficient evidence to support a factual finding that the defendant had the ability to pay when a defendant fails to meet his or her burden of proof to show cause why he or she should not be held in civil contempt.
 

 Although our Court answered this question in
 
 Cumberland Cty. ex rel. Mitchell
 
 , the agency argues that our Court is not bound by
 
 Cumberland Cty. ex rel. Mitchell
 
 because it misinterpreted North Carolina law. We disagree. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."
 
 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) (citations omitted). Accordingly, we are bound by the precedent set out in
 
 Cumberland Cty. ex rel. Mitchell
 
 .
 

 Furthermore, we note that the plaintiff-appellee agency in the instant case was also the plaintiff-appellee agency in
 
 Cumberland Cty. ex rel. Mitchell
 
 . However, the agency never sought review of
 
 Cumberland Cty. ex rel. Mitchell
 
 in our Supreme Court, which would have been the proper course to argue the case was decided inconsistently with North Carolina law, instead of attempting to relitigate
 
 Cumberland Cty. ex rel. Mitchell
 
 in the case now before us.
 

 Because we remain bound by the decision set out in
 
 Cumberland Cty. ex rel. Mitchell
 
 , defendant's failure to meet his burden of proof to show cause did not divest the agency of its burden to put forth "sufficient evidence to support a factual finding that the defendant had the ability to pay, in addition to all other required findings to support contempt."
 
 Cumberland Cty. ex rel. Mitchell
 
 , --- N.C. App. at ----,
 
 822 S.E.2d at 309
 
 . The agency did not meet this burden, as it put forth no evidence to support the finding of fact "[t]hat the Defendant had the ability to comply with the previous Order and has the ability to purge himself[/herself] as ordered[,]" which is required to support contempt in civil contempt proceedings to enforce orders for child support.
 
 See
 

 Plott v. Plott
 
 ,
 
 74 N.C. App. 82
 
 , 84-85,
 
 327 S.E.2d 273
 
 , 275 (1985) ("It is well established that in civil contempt proceedings to enforce orders for child support, the court is required to find only that the allegedly delinquent obligor has the means to comply with the order and that he or she wilfully refused to do so.") (citations omitted).
 

 *155
 
 Therefore, as in
 
 Cumberland Cty. ex rel. Mitchell
 
 , we vacate the contempt order and remand for proceedings not inconsistent with this holding.
 

 III.
 
 Conclusion
 

 For the forgoing reasons, we vacate the contempt order and remand for proceedings not inconsistent with this holding.
 

 VACATED AND REMANDED.
 

 Judges DIETZ and ZACHARY concur.