An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-986

Filed 16 July 2025

Pitt County, No. 21CVD002861-730

DONNA NACOLE WALLER, Plaintiff,

v.

JEFFERY SCOTT WALLER, Defendant.

Appeal by Defendant from an order entered 21 June 2024 by Judge Lee F. Teague in Pitt County District Court. Heard in the Court of Appeals 20 May 2025.

*Mills & Alcorn, LLP., by Cynthia A. Mills, for Plaintiff-Appellee.*

*The Graham Nuckolls Conner Law Firm, PLLC, by Jon G. Nuckolls, for Defendant-Appellant.*

WOOD, Judge.

Defendant appeals from an order entered 21 May 2024 granting Plaintiff's motion to dismiss for failure to state a claim upon which relief can be granted. Defendant contends the trial court erred (1) by improperly shifting the burden to Defendant when the Plaintiff was ordered to appear to show cause as to why she should not be held in contempt, (2) by improperly dismissing Defendant's claim when

Defendant's pleadings supported claims for relief upon which relief could be granted, and (3) if the motion to dismiss converted to a summary judgement motion pursuant to N.C. Gen. Stat. §1A-1, Rule 56, by improperly dismissing Defendant's claim where genuine issues of material fact existed.

## I.    Factual and Procedural Background

Plaintiff and Defendant were married on 15 June 1996 and separated on 23 August 2020. The parties entered into a Separation Agreement and Property Settlement on 25 May 2021. The agreement was drafted by Plaintiff's counsel and signed by Defendant, who was unrepresented. The agreement resolved all rights and responsibilities related to their property and waived the parties' rights to seek an equitable distribution of the marital assets in court. The Separation Agreement was incorporated into their Judgment for Absolute Divorce, which was granted 12 January 2022. Defendant asserts that Plaintiff refused to sign the deeds to transfer real property to him and would not allow him to retrieve his equal share of personal property and equipment as required by the Separation Agreement and subsequent court order.

On 29 September 2023, Defendant filed a Motion in the Cause for breach of contract, contempt, conversion, specific performance, and attorney's fees. On 1 November 2023, the trial court issued an Order to Appear and Show Cause to Plaintiff after finding probable cause to believe Plaintiff was in contempt for violation of the 12 January 2022 Judgment for Absolute Divorce and scheduled hearings for 11

December 2023 and 10 January 2024. However, the Show Cause hearing was rescheduled for 5 June 2024, and the issues of breach of contract, contempt, conversion, specific performance and attorney's fees were included on the updated Notice of Hearing.

At the 5 June 2024 hearing, the trial court noted Defendant was the moving party and allowed him to make opening remarks. After remarks the trial court stated,

> Court: I have not specifically read your motion, but you - - your alleged violations are three deeds, withdrawing money, and not dividing property?
>
> Defendant Attorney: Yes, Sir.
>
> Court: And those are the only three issues - -
>
> Defendant Attorney: Yes, Sir.
>
> Court: -- that are a breach or show cause?
>
> Defendant Attorney: Yes, Sir.

After Plaintiff's opening remarks, the trial court instructed Defendant to call his first witness. After the close of Defendant's evidence Plaintiff made an oral motion to dismiss stating, "Your Honor, I don't believe they've met their burden under any – I don't know what he's proceeding under – but whether it's – I surely I would say they haven't met their burden under contempt. And I don't believe they've met their burden contractually because these things aren't in the agreement." The trial court granted the motion to dismiss stating,

Based upon the evidence I've heard, at this point the concerns that I have is to the – is credibility of the testimony the Court's received, so I'm going to allow the motion to dismiss.

. . .

But I – I don't believe that the moving party's met their burden even in the light most favorable to them, so I am going to dismiss those claims[.]

Defendant filed timely notice of appeal, 8 July 2024, from the trial court's 21 June 2024 order granting Plaintiff's motion to dismiss for failure to state a claim.

## II.    Analysis

On appeal, Defendant raises three issues.  The trial court erred (1) by improperly shifting the burden to Defendant when Plaintiff was ordered to appear to show cause why she should not be held in contempt, (2) by improperly dismissing Defendant's claim when Defendant's pleadings supported claims for relief upon which relief could be granted, and (3) because if the motion to dismiss converted to a summary judgement motion pursuant to N.C. Gen. Stat. §1A-1, Rule 56, by improperly dismissing Defendant's claim where genuine issues of material fact existed.

### A.  Improper Burden

Defendant contends the trial court erred by improperly shifting the burden to Defendant when Plaintiff was ordered to appear to show cause why she should not be held in contempt.  We agree.

Both parties agree that an Order to Show Cause was entered 1 November 2023 directing Plaintiff to appear for a show cause hearing. The show cause hearing was continued, and the subsequent Notice of Hearing filed by Defendant listed all pending claims including breach of contract, contempt, conversion, specific performance and attorney's fees. Plaintiff argues that because all claims were brought together on the notice and Defendant had the burden of proof in most of those claims, it was natural for the trial court to request Defendant to present evidence first. This argument fails because regardless of whether the trial court allowed Defendant to present evidence on his other claims first, the burden on an Order to Show cause remains on the party ordered to show cause why they should not be held in contempt.

The trial court appropriately dismissed Defendant's claims for breach of contract, conversion, and specific performance because they were meritless. "Our Supreme Court has long recognized that separation agreements lose their contractual nature and become orders of the court upon incorporation into a divorce judgment. . . . [T]he proper remedy for violation of such an order is by an action for contempt[.]" *Butler v. Butler,* 239 N.C. App. 1, 9, 768 S.E.2d 332, 337 (2015). Therefore, the only viable claims before the trial court were Defendant's claims for contempt and attorney's fees.

An adjudication of civil contempt can be initiated in one of three ways under N.C. Gen. Stat. § 5A-23(a). When initiated, as *sub judice*, "by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and

show cause why he should not be held in civil contempt" the burden of proof is on the "alleged contemnor." *Moss v. Moss*, 222 N.C. App. 75, 77, 730 S.E.2d 203, 204 (2012) (cleaned up). Because an Order to Show Cause had been issued and served on Plaintiff, the burden was on Plaintiff to produce evidence she should not be held in contempt. The burden for proof did not shift from Plaintiff to Defendant because the hearing was continued to 5 June 2024 or because additional claims were noticed for hearing.

Plaintiff further argues the trial court did not err because Defendant "expressed no objection" to the shift of burden. We disagree.

> Where a trial court applies the incorrect legal standard, regardless of whether the parties consent to that incorrect standard, the trial court per se abuses its discretion. In addition, just as the Supreme Court of the United States has held that "a finding of fact . . . based on the application of an incorrect burden of proof . . . cannot stand," this Court has held that "facts found under misapprehension of the law are not binding on this Court and will be set aside."

*Holmes v. Moore*, 384 N.C. 426, 453, 886 S.E.2d 120, 140 (2023) (cleaned up) (quoting *Abbott v. Perez*, 585 U.S. 579, 607 138 S. Ct. 2305, 2326 (2018) and *Van Hanford v. McSwain*, 230 N.C. 229, 233, 53 S.E.2d 84, 87 (1949)).

It is clear from the trial court's statement at trial, "I don't believe that the *moving party's met their burden* even in the light most favorable to them, so I am going to dismiss those claims. . ." and its written ruling, ". . . the Court finds as fact and concludes as a matter of law that *Defendant has failed* to state a claim upon

which relief can be granted[,]" that the trial court misapprehended the legal burden of proof pursuant to N.C. Gen. Stat. § 5A-23(a).

Because "a finding of fact . . . based on the application of an incorrect burden of proof . . . cannot stand," and "facts found under misapprehension of the law are not binding on this Court and will be set aside,"  we reverse the trial court's order granting Plaintiff's motion to dismiss and remand for a new hearing not inconsistent with this opinion.  *Id.*

Because we reverse and remand to the trial court for a new hearing, we do not reach the merits of Defendant's additional arguments.

### III.    Conclusion

The trial court failed to apply the statutorily required burden of proof pursuant to N.C. Gen. Stat. § 5A-23(a) and erred by granting Plaintiff's motion to dismiss. Thus, we reverse the trial court's order and remand this matter for a new hearing on the Order to Show Cause issued to Plaintiff.  It is so ordered.

REVERSED AND REMANDED.

Judge STROUD and Judge CARPENTER concur.

Report per Rule 30(e).